## BROMLEY v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5051.

Circuit Court of Appeals, Third Circuit.

July 6, 1933.

Ira Jewell Williams, Murray H. Spahr, Jr., and Francis Shunk Brown, all of Philadelphia, Pa. (Brown & Williams, of Philadelphia, Pa., of counsel), for petitioner.

Erwin N. Griswold and Sewall Key, Sp. Assts. to Atty. Gen., for respondent.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals. The facts were stipulated. In 1921 the petitioner and his three brothers each created a trust in which the four brothers were designated trustees. It was provided that the net income should be accumulated for a period of twenty years for the benefit of the children of the grantor in each trust, and that, at the end of the twenty years or on the sooner termination of the trust, the principal should be repaid to the grantor. It was further provided in each trust that: "The parties hereto agree to and with each other that this trust shall be irrevocable for the period of twenty (20) years from its date, unless the second parties hereto or their respective successors in interest concur in a decision to terminate the trust as to the principal sum thereof set forth in Schedule 'A', continuing the trust, however, for the management and distribution, in the manner herein provided, of the income accumulated to the date of such termination."

The Commissioner of Internal Revenue determined that the income of each of these

trusts was taxable to the grantor under the provisions of sections 219 (g) and (h) of the Revenue Acts of 1924 and 1926 (26 USCA § 960 note), and sections 166 and 167 of the Revenue Act of 1928 (26 USCA §§ 2166, 2167), and determined deficiencies accordingly. Upon application to the Board of Tax Appeals for redetermination of deficiencies, the proceedings were consolidated for hearing and decided in each proceeding in favor of the respondent, the Commissioner of Internal Revenue. The cases are brought here upon one appeal.

Section 219 of the Revenue Acts of 1924 and 1926 provides:

"(g) Where the grantor of a trust has, at any time during the taxable year, either alone or in conjunction with any person not a beneficiary of the trust, the power to revest in himself title to any part of the corpus of the trust, then the income of such part of the trust for such taxable year shall be included in computing the net income of the grantor.

"(h) Where any part of the income of a trust may, in the discretion of the grantor of the trust, either alone or in conjunction with any person not a beneficiary of the trust, be distributed to the grantor or be held or accumulated for future distribution to him, or where any part of the income of a trust is or may be applied to the payment of premiums upon policies of insurance on the life of the grantor (except policies of insurance irrevocably payable for the purposes and in the manner specified in paragraph (10) of subdivision (a) of section 955), such part of the income of the trust shall be included in computing the net income of the grantor."

Sections 166 and 167 of the Revenue Act of 1928 re-enact the provisions cited above.

The constitutionality of section 219 (g) of the Revenue Act of 1924 (26 USCA § 960 note) has been sustained by the Supreme Court in Reinecke v. Smith, et al., 53 S. Ct. 570, 77 L. Ed. ——, opinion filed April 10, 1933. This disposes of one of the issues raised by the petitioner.

The remaining contention is that the term "any person" found in the act should not be construed so as to include more than one person, that the language of the act is limited to the case of a power of revocation reserved to the grantor alone or to the grantor acting in conjunction with one other person and no more, and that it was not meant to apply when a power of revocation was dependent upon the consent of more than one person in addition to that of the grantor.

In section 1 of the Revised Statutes (1 USCA § 1) Congress has provided that: "In determining the meaning of any Act or resolution of Congress, words importing the singular number may extend and be applied to several persons or things."

This definitely expresses a rule of construction which is particularly apt in this case, inasmuch as it gives effect to the obvious intention of Congress to prevent evasion of the revenue laws. Reinecke v. Smith, supra.

The decisions of the Board of Tax Appeals are affirmed.