**BOWLER v. HELVERING, Commissioner of Internal Revenue.**

**No. 75.**

Circuit Court of Appeals, Second Circuit.

Dec. 9, 1935.

Spotswood D. Bowers, of New York City (Joseph W. Kirkpatrick, of New York City, of counsel), for appellant.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and Helen R. Carloss, Sp. Assts. to the Atty. Gen., for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

This case involves income taxes for the years 1926, 1927, 1928, and 1929; the only question is whether the income of four trusts created by the taxpayer on December 25, 1925, is taxable to him as settlor under section 219 (g) of the Revenue Act of 1926 (26 U.S.C.A. § 166 note), and section 166 of the Act of 1928 (26 U.S.C.A. § 166 note). Each trust was for a single beneficiary; in each there were two trustees, of whom in three instances one was the beneficiary; to each was attached a condition that any two members of a committee of three named persons who were neither trustees nor beneficiaries of the trust for which they were appointed, and of whom the settlor was not one, might "change and alter any of or all the trusts herein set forth and declare new trusts of the property in any way or manner whatsoever; also to terminate or modify the beneficial interest of any person or class of persons or to name or appoint any other persons or classes of persons beneficiaries." The settlement also provided: "No exercise of said power shall be valid while I am alive and competent to act until and unless I shall have in writing signified that I have no objection thereto." The "power" so mentioned was that of the committee. The Board held that the last clause just quoted brought the case within the statutes (Reinecke v. Smith, 289 U.S. 172, 53 S. Ct. 570, 77 L.Ed. 1109), and fixed deficiencies accordingly.

The taxpayer argues that Reinecke v. Smith does not rule because in that case one of the co-trustees with the settlor was his son, over whose will he must be supposed to have had an influence and whom he could therefore bend to his purposes. Each case must therefore depend upon the actual relation between the settlor and the other trustees and the income will be taxable to the settlor only in case it appears that his is the dominant will. This quite misunderstands the decision. The son was a direct beneficiary in one trust and a contingent beneficiary in the others; the court assumed sub silentio that he could not count, as indeed he could not, being flatly within the terms of section 219 (g), Act of 1924 (26 U.S.C.A. § 166 note), which is the same as the sections here involved. It was only because the settlor might revoke the trust with the concurrence of the third trustee, a trust company, that the statute applied, and thus the case is on all fours with that at bar, except for the fact that here the settlor has only a veto upon the action of the committee. We cannot see that this makes any difference save in form. All donees of a joint power must concur in its exercise; the refusal of any one is an effective veto. It is true that in form any change in the limitations of the trusts at bar had to originate with the committee; at least, we may assume that they are first to decide and then submit their decision to the settlor for his approval, while in the case of a joint power any of the donees may suggest an exercise of the power to the others. But such a difference is of no practical moment whatever; if the settlor wishes to modify any of these trusts, he need only persuade two of the committee to his mind, exactly as he would have had to do if he had been a member. Nothing prevents his taking the affirmative; his power is as much and as little as it was in Reinecke v. Smith, supra, except that here he has two persons to convince, while there he had only one. The constitutional apology for the doctrine is that unless the income is regarded as the settlor's, it will always be easy for him to induce complaisant trustees to qualify and practically to control the income, resuming it when he chooses. That reasoning applies equally well to these trusts.

Order affirmed.