**HIGGINS v. WHITE (two cases).**

**Nos. 4774, 4775.**

District Court, D. Massachusetts.

April 12, 1937.

Charles M. Rogerson, of Boston, Mass., for plaintiff.

Francis J. W. Ford, U. S. Atty., and Arthur L. Murray, Sp. Asst. to U. S. Atty., both of Boston, Mass., James W. Morris, Asst. Atty. Gen., and Andrew D. Sharpe, and Joseph M. Jones, Sp. Assts. to Atty. Gen., for defendant.

BREWSTER, District Judge.

The above actions are brought to recover income taxes for the years 1924 to 1927. Defendant has demurred. The cases present identical issues and can be considered in one opinion.

The controversy arises over the inclusion in the gross income of plaintiffs, for the years involved, of income derived from certain so-called "insurance trusts" created by the plaintiffs. In each declaration it is alleged that the plaintiff entered into certain indentures of trust with the Boston Safe Deposit & Trust Company whereby policies of insurance on the life of the other plaintiff were transferred to himself or herself and the trust company, as cotrustees, and certain securities were transferred to them upon trust to pay premiums on the policies assigned to the trustees. Each indenture of trust contained the following provision:

"Third: Any funds in the hands of the Trustees which the Trustees shall deem not to be needed to pay premiums, together with any other property which may from time to time be received by them, shall except as hereinafter provided, be held during the lifetime of Clara C. Higgins, In Trust, to add the net income thereof to the principal and accumulate said net income, provided that if at any time during the lifetime of said Clara C. Hig-

gins the Trustees shall deem it wise so to do they may use any of the funds in their hands specifically including the cash surrender value of said policy for the benefit of John W. Higgins and the issue of said John W. Higgins and Clara C. Higgins by paying out to him and them, or any one or more of them, such sum or sums out of the principal as they shall deem necessary or advisable for the comfort, maintenance, support, advancement, education or welfare of said John W. Higgins and said issue or any one or more of them, or they may surrender and assign said policy and the trust property held hereunder to said John W. Higgins, in which case this trust shall cease and determine."

The issue raised by the demurrer is whether the quoted provision renders the income taxable under section 219(g) of the Revenue Acts of 1924 and 1926 (43 Stat. 275, 277, 44 Stat. 32, 34). The provisions of the sections are identical in both acts, and are as follows:

"Where the grantor of a trust has, at any time during the taxable year, either alone or in conjunction with any person not a beneficiary of the trust, the power to revest in himself title to any part of the corpus of the trust, then the income of such part of the trust for such taxable year shall be included in computing the net income of the grantor."

The defendant contends that the facts alleged present a case where each plaintiff, as grantor of a trust, had during the taxable years in conjunction with a person not a beneficiary power to revest in himself title to all of the corpus of each trust.

The plaintiffs, on the other hand, urge that since the power is to be exercised by them in their capacities as trustees, the income does not fall within the sweep of the statute.

If, as plaintiffs contend, it is necessary that the settlor expressly reserve power to revest in himself title to the property in order to bring the income within the scope of the statute, then it would seem that the income was improperly included. There are no words of reservation to be found in the trust instrument.

It may be taken to be settled law that a grantor retains only those rights which, by express words, he reserves to himself. Thorp v. Lund, 227 Mass. 474, 476, 116 N. E. 946, Ann.Cas.1918B, 1204; Coolidge v. Loring, 235 Mass. 220, 223, 126 N.E. 276; James v. James, 260 Mass. 19, 22, 156 N.E. 745.

It must also be conceded that whatever powers were conferred upon the plaintiffs by the provisions of the trust indentures, they must be exercised by them in their fiduciary capacity.

The principle that an individual, in his capacity as trustee, is different from the same individual in his capacity as grantor, was recognized in White v. Poor, 296 U. S. 98, 56 S.Ct. 66, 80 L.Ed. 80, as it was in the District Court [Poor v. White, 8 F. Supp. 995], but not in the Circuit Court of Appeals [White v. Poor, 75 F.(2d) 35]. That case, however, is not decisive of the issues now under consideration, and this for two reasons: First, the decision of the Supreme Court turned upon the fact that the deceased trustee had received her appointment by the action of two other trustees. The court left open the question whether the same result would have been reached had the decedent acquired her powers by virtue of her appointment, made when she executed the trust indenture; and, secondly, there is danger in carrying too far the analogy between the Poor Case and the case at bar. Not only different statutes are involved, but different taxes are imposed in the exercise of legislative powers derived from different sources.

In dealing with an estate tax which must have a reasonable relation to the event of death, it is important to ascertain whether the decedent, as grantor, had reserved any rights or powers which were cut off by death. Reinecke v. Northern Trust Company, 278 U.S. 339, 49 S.Ct. 123, 73 L.Ed. 410, 66 A.L.R. 397; May v. Heiner, 281 U.S. 238, 50 S.Ct. 286, 74 L. Ed. 826, 67 A.L.R. 1244.

But in cases arising under the income tax provision, it has been said that control over the property taxed is an important factor. In Reinecke v. Smith, 289 U.S. 172, 177, 53 S.Ct. 570, 572, 77 L.Ed. 1109, the court said:

"Decisions of this court declare that, where taxing acts are challenged, we look not to the refinements of title but to the actual command over the property taxed —the actual benefit for which the tax is paid." Citing Corliss v. Bowers, 281 U.S. 376, 50 S.Ct. 336, 74 L.Ed. 916.

In Kaplan v. Commissioner of Internal Revenue, 66 F.(2d) 401, 402, the Circuit

988

Court of Appeals for this Circuit, in applying section 219(h) of the Revenue Act of 1924 (43 Stat. 277), refused to recognize any distinction between a grantor and a trustee when the same individual was acting in the dual capacity. That case involved the income of a trust created by one who had named himself as trustee. The statute considered by the court provided that if the income, in the discretion of the grantor of the trust, either alone or in conjunction with any person not a beneficiary of the trust, be distributed or accumulated for future distribution to the grantor, the income was taxable. The court observed:

"As Kaplan named himself trustee, the large discretion given in the trust instrument to the trustee as to the accumulation and payment of income is attributable to him personally. By the terms of the trust that discretion can be exercised for his own possible benefit, within wide limits. We see no occasion for refinement of construction against the government. We think the statute means that if under any circumstances or contingencies any part of the accumulated income might inure to the benefit of the grantor such portion of the income is taxable to him."

By the same reasoning it might well be said that the statute meant that if, under any circumstances or contingencies, any part of the corpus of the trust could be revested in the grantor, the income from such property would be taxable to him. The only essential difference between subparagraph (g) and subparagraph (h) of section 219 is that in the former the provisions relate to the grantor's control over the corpus of the trust, and in the latter over the income. This difference involves no distinction in principle.

In other jurisdictions, the courts seem to have proceeded upon the theory that if the taxpayer has a measure of control over the trust res, it is immaterial whether he acts in his capacity as grantor, or trustee. Bromley v. Commissioner of Internal Revenue (C.C.A.) 66 F.(2d) 552; Bowler v. Helvering (C.C.A.) 80 F.(2d) 103.

In Reinecke v. Smith, supra, the grantor expressly reserved a right of revocation, and it was there noted that the trustee was not a trustee of the power of revocation and owed no duty to the beneficiary to resist alteration or revocation of the trust. The court added, however, that "the very fact that he [grantor] participates in the right of alteration or revocation negatives any fiduciary duty to the beneficiary to refrain from exercising the power."

In view of the language of the trust empowering the trustees to transfer the trust res to the plaintiffs and thereby terminate the trusts, it would seem to follow that the trustees owed no duty to the beneficiaries to resist revocation, and the mere fact that the plaintiffs participate in this right would negative such fiduciary duty. The exercise of this power to terminate the trust and revest title in the plaintiffs was not made dependent upon the existence of certain conditions which the trustees were under a fiduciary duty to ascertain. It was a power which could be exercised at any time when the trust company could be persuaded by the donor-trustee to exercise it, and this without consulting the interest of the beneficiary.

If the power to revest is to be found in the terms of the trust, it can be a matter of little consequence whether the power is granted or reserved, or whether the power is exercised by the grantor in his capacity as grantor or as trustee. Bowler v. Helvering, supra; Kaplan v. Commissioner of Internal Revenue, supra.

The language of the statute does not require that the trust property shall be subject to a right which is expressly reserved to the grantor. If he has a right, however it may be exercised, the conditions of subparagraph (g) of section 219 have been met, and the income is properly included in the gross income of the plaintiffs.

My conclusion, therefore, is that the action of the Commissioner of Internal Revenue, in including the income in dispute, was lawful and that the demurrer should be sustained.