**HIGGINS v. WHITE, Collector of Internal Revenue (two cases).**

Nos. 4774, 4775.

District Court, D. Massachusetts.

Feb. 8, 1940.

Charles M. Rogerson, of Boston, Mass., for plaintiffs.

Edmund J. Brandon, U. S. Atty., and C. Keefe Hurley, Asst. U. S. Atty., both of Boston, Mass., and Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe, and Edward First, Sp. Assts. to Atty. Gen., for defendant.

McLELLAN, District Judge.

### The Facts.

These cases were heard upon the pleadings and upon an agreed statement of facts. The facts admitted in the pleadings and the facts appearing in the agreed statement or stipulation are adopted as my findings of fact. Moreover, a brief history of this litigation may here be given because upon that history hangs the result.

In each case the declaration recites the assessment and collection of certain income taxes from the plaintiff who duly claimed a refund thereof. It is alleged that these additional taxes arose as a result of the addition to the plaintiff's individual income of certain income received by the trustees under some insurance trusts set up by the respective plaintiffs. The terms of the trusts appear fully in each declaration, which contains a copy of one of the uniform trust instruments. The facts in the two cases are for all practical purposes identical and what is stated as to one of them is to be taken as applicable to the other unless the contrary clearly appears. The trust indentures pertinent to the case of John W. Higgins named him as grantor and the Boston Safe Deposit and Trust Company and John W. Higgins as trustees. The trust indentures pertinent to the case of Clara Carter Higgins, wife of the other plaintiff, named her as grantor and as co-trustee with the Trust Company.

By virtue of the trust indentures, the grantor transferred to the trustees certain policies of life insurance in which the grantor was named as beneficiary and conveyed to the trustees certain securities. The trustees were authorized to use these securities and the income therefrom to pay the premiums upon the policies as they should become due. The trustees could also surrender the policies for their cash surrender value. Any funds not needed for the purpose of paying premiums were to be held for the lifetime of the grantor's spouse and were to be accumulated during the spouse's life and afterwards. Eventually the trust property was to go to the grantor if he survived his spouse, otherwise to such persons as pursuant to a special power of appointment the grantor should by will designate, and in default of appointment to the issue of the grantor and his spouse. But the trust indentures also provided, inter alia, that the trustees might pay "any of the funds in their hands, specifically including the cash surrender value of said policy" to the grantor. Thus it appears that the trustees, one of whom was the grantor and the other not a beneficiary of the trust, had the power to vest a part or the whole of the trust fund in the grantor.

To the declaration, which disclosed what has before been stated, the defendant demurred in each case in substance as follows: Now comes the defendant in the above-entitled action and demurs to the plaintiff's declaration upon the ground that such declaration and the matter contained therein in the manner and form as therein set forth are not sufficient to constitute a cause of action, for that it does not appear from the plaintiff's declaration that the income received by the trustees during the years 1924, 1925, 1926 and 1927 under the insurance trusts referred to in said declaration was not properly included in the plaintiff's gross income for said years under the provisions of Section 219(g) (h) of the Revenue Acts of 1924 and 1926, 43 Stat. 277, 44 Stat. 34, 26 U.S.C.A.Int.Rev.Acts.

The statutory provisions to which each demurrer refers follow:

Revenue Acts of 1924 and 1926, "Section 219. .* * *

"(g) Where the grantor of a trust has, at any time during the taxable year, either alone or in conjunction with any person not a beneficiary of the trust, the power to revest in himself title to any part of the corpus of the trust, then the income of such part of the trust for such taxable year shall be included in computing the net income of the grantor.

"(h) Where any part of the income of a trust may, in the discretion of the grantor of the trust, either alone or in conjunction with any person not a beneficiary of the trust, be distributed to the grantor or be held or accumulated for future distribution to him, or where any part of the income of a trust is or may be applied to the payment of premiums upon policies of insurance on the life of the grantor (except policies of insurance irrevocably payable for the purposes and in 'the manner specified in paragraph (10) of subdivision (a) of section 214), such part of the income of the trust shall be included in computing the net income of the grantor."

The District Court sustained the demurrer in each case. 18 F.Supp. 986. In the Circuit Court of Appeals, the decision

was reversed, the demurrers overruled and the cases remanded to this Court for further proceedings not inconsistent with the appellate court's opinion. 93 F.2d 357.

### Conclusions of Law.

 There is nothing in the agreed facts inconsistent with the facts stated in the declaration which was held by the Circuit Court of Appeals not vulnerable to the demurrers. Nor does the amplification of the facts in the agreed statement really add anything determinative of the questions here involved. While as stated by Mr. Justice Holmes in Messinger v. Anderson, 225 U.S. 436, 32 S.Ct. 739, 740, 56 L.Ed. 1152, "the phrase, 'law of the case' as applied to the effect of previous orders on the later action of the court rendering them in the same case, merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power," the statement is inapplicable to an order of an appellate court. The statement so often made that "the law of the case" is only a rule of convenience, generally, but not necessarily adhered to, is well enough when a Judge is dealing with his own orders. According to Commercial Union v. Anglo-South American Bank, Ltd., 2 Cir., 10 F.2d 937, the rule may not be treated as merely one of convenience in dealing with an order of another judge of the same court. Clearly I must treat the decision of the Circuit Court of Appeals as binding upon me, though without such a guide I might have reached a different result. But the defendant urges that irrespective of Section 219, clauses (g) and (h) of the Revenue Acts of 1924 and 1926 the plaintiffs were subject to tax and that all that the Circuit Court of Appeals in effect decided is that they were not subject to tax by virtue of these statutory provisions. But as heretofore stated the declarations contained substantially all the pertinent facts later stipulated and if the Circuit Court of Appeals had felt there was merit in this contention they presumably would have affirmed the District Court's order sustaining the defendant's demurrer upon a principle long established to the effect that an appellate tribunal may use any matter appearing in the record in support of a judgment though not a ground of decision in the court below. The point here made could have been raised by the defendant as appellee in the Circuit Court of Appeals upon the principle stated in LeTulle v. Scofield, Collector, 60 S.Ct. 313, 316, 84 L.Ed. ——, decided January 2, 1940, by the Supreme Court of the United States, to the effect that "an appellee may urge any matter appearing in the record in support of a judgment." See also the cases cited in the footnote to that decision. And as above stated, the Court itself could have thus supported the District Judge's order sustaining the demurrer. Notwithstanding the decision in Chase v. United States, 256 U.S. 1, 41 S.Ct. 417, 65 L.Ed. 801, holding as stated in the headnote that "The court below, upon retrial following a reversal of its first judgment, *may* [italics added] entertain a defense not made on the first trial," I think the practicable thing to do in the case at bar is to treat the decision of the Court of Appeals in the demurrers as decisive for the plaintiffs upon all the issues so far as the District Court is concerned.

The truth is that in spite of Commissioner v. Morton, 108 F.2d 1005, recently decided by the Circuit Court of Appeals for the Seventh Circuit, which lends some support to the allegedly new defense that irrespective of Section 219 clauses (g) and (h), supra, the plaintiffs were subject to tax, I should have thought, but for the Circuit Court of Appeals decision upon the demurrers, that the real defense inhered in clause (g), supra, providing that "Where the grantor of a trust has, * * * either alone or in conjunction with any person not a beneficiary of the trust, the power to revest in himself title to any part of the corpus of the trust" then the income therefrom is his.

The defendant urges that he should be allowed a small set-off in each case in amounts appearing in the agreed facts, but I think the decision of the Supreme Court in Stone v. White, 301 U.S. 532, 57 S.Ct. 851, 81 L.Ed. 1265, does not go far enough and that the District Court ought not to stretch it, and thus allow these set-offs.

Judgment is to be entered for the plaintiff Clara Carter Higgins in No. 4774 in the sum of $4,789.15, and for the plaintiff John W. Higgins in No. 4775 in the sum of $5,151.48, with interest according to law in each case on the various components of the foregoing amounts from the dates of payment by the taxpayer as disclosed in the agreed facts. No costs are awarded.