## REINECKE, FORMERLY COLLECTOR OF INTERNAL REVENUE, *v.* SMITH ET AL., EXECUTORS

No. 601.   Argued March 22, 23, 1933.—Decided April 10, 1933

*Mr. Erwin N. Griswold,* with whom *Solicitor General Thacher* and *Messrs. Sewall Key* and *Hayner N. Larson* were on the brief, for petitioner.

*Mr. Albert L. Hopkins,* with whom *Mr. Harry B. Sutter* was on the brief, for respondents.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

In 1922 Douglas Smith, by five instruments, created as many trusts for the benefit of his wife and four children. The trustees named were the grantor; a son who was a direct beneficiary of one of the trusts and a contingent beneficiary of the others; and a banking company possessed of trust powers. Neither the grantor nor the corporate trustee was a *cestui que trust* under any of the writings. In each agreement it was stipulated:

"Anything herein contained to the contrary notwithstanding, this Trust may be modified or revoked at any time by an instrument in writing signed by Douglas Smith [the grantor] and either one of the other two trustees or their successors."

October 22, 1924, each of the agreements was modified by striking out the quoted clause, and the grantor resigned as trustee. He did not report any of the income which accrued in the year 1924 upon the trust property. The Revenue Act of 1924, § 219 (g) (43 Stat. 253, 277) directs:

" Where the grantor of a trust has, at any time during the taxable year, either alone or in conjunction with any person not a beneficiary of the trust, the power to revest in himself title to any part of the corpus of the trust, then the income of such part of the trust for such taxable year shall be included in computing the net income of the grantor."

The Commissioner of Internal Revenue held that this section required a return by Smith of the trust income for the period January 1, 1924, to October 22, 1924, and assessed against him additional tax, which was paid under protest. The respondents, who are the personal representatives of Smith, now deceased, brought this suit to recover the sum paid. A demurrer to the declaration was overruled and judgment given for the respondents. The Circuit Court of Appeals affirmed, holding that as to trusts created prior to the adoption of the Act, § 219 (g) violates the Fifth Amendment when applied to impose a tax by reason of property and the income therefrom disposed of by the grantor before the passage of that or any other law taxing the income of such a trust to the settlor. The case is here on certiorari.

Petitioner maintains the section in terms applies in the circumstances disclosed; as the tax is laid only upon income accruing after January 1, 1924, the statute is not retroactive; and, as the grantor retained a measure of control, to tax him upon the income is not arbitrary or unreasonable though the trusts were created before any statute had laid a tax upon the settlor measured by the income of such a trust.

The respondents argue in support of the judgment that the trustee is a beneficiary of the trust as the phrase is used in the section, and the income in question is therefore exempt from taxation to the settlor; and that if this view be rejected the provision offends the Fifth Amendment.

The unambiguous phraseology of the Act precludes the suggested construction. A trustee is not subsumed under the designation beneficiary. Both words have a common and accepted meaning; the former signifies the person who holds title to the *res* and administers it for the benefit of others; the latter the *cestui que trust* who enjoys the

advantages of such administration. The ordinary meaning of the terms used, which we are bound to adopt (*Old Colony R. Co.* v. *Commissioner,* 284 U.S. 552, 560,) and the view held by those charged with the enforcement of the Act, ratified by reënactment of the section,[1] alike forbid the adoption of the construction for which the respondents contend.

Nor do we think the act has such a retroactive effect as to render its requirements arbitrary within the principle announced as to estate and gift taxes in *Nichols* v. *Coolidge,* 274 U.S. 531; *Untermyer* v. *Anderson,* 276 U.S. 440, and *Blodgett* v. *Holden,* 275 U.S. 142. In those cases the issue was the validity of a tax on a transaction consummated before the enactment of the statute authorizing the exaction. In the present case the subject of the tax is not the creation of the trusts or the transfer of the corpus from the grantor to the trustees, but the income of the trusts which accrued after January 1, 1924, the effective date of the Revenue Act of 1924.[2] Although the act was passed June 2, 1924, the imposition of the tax on income received or accrued from the beginning of the year has been held unobjectionable. *Cooper* v. *United States,* 280 U.S. 409, 411. Compare *Fawcus Machine Co.* v. *United States,* 282 U.S. 375, 379.

We come then to the final position of the respondents: That when applied in this case the statute is so arbitrary and unreasonable as to deny the due process guaranteed by the Fifth Amendment, since the exaction is based not on the settlor's income or on income from his property, but on that which accrued to other persons from property to which they alone had sole and exclusive title. The

---

[1] Revenue Acts of 1926, c. 27, 44 Stat. 32; 1928, c. 852, 45 Stat. 840; 1932, c. 209, 47 Stat. 221. Regulations 65, Art. 347; Regulations 69, Art. 347; Regulations 74, Art. 881.

[2] See § 283, 42 Stat. 303.

argument proceeds upon the theory that until alteration or revocation of the trust the trustees held the legal title to the property for the sole benefit of the *cestuis,* and received the income; that both principal and income were beyond the control of the grantor until the alteration of the trust on October 22, 1924.

We have not heretofore had occasion to pass upon the question thus presented. In *Corliss* v. *Bowers,* 281 U.S. 376, the section of the Revenue Act of 1924 now under consideration was held to justify assessment of income tax to the settlor with respect to the income of a trust revocable by him alone. *Reinecke,* v. *Northern Trust Co.,* 278 U.S. 339, construed § 402 (c) of the Revenue Act of 1921, which included within the sweep of a transfer tax any interest of which a decedent had at any time made a transfer, or with respect to which he had created a trust intended to take effect in possession or enjoyment at or after his death. The tax was upheld as applied to the corpus of trusts over which the grantor had sole power of revocation. It was, however, condemned as to those where revocation was dependent upon joint action of the grantor and the beneficiary, for the reason that the interest of the beneficiary was adverse and the grantor unable at will to alter or destroy the trust. In the latter case the transfer was said to be effective when made, not at death. As pointed out in *Burnet* v. *Guggenheim,* 288 U.S. 280, the same considerations as to ownership and control affect the power to impose a tax on the transfer of the corpus and upon the income.

In approaching the decision of the question before us it is to be borne in mind that the trustee is not a trustee of the power of revocation and owes no duty to the beneficiary to resist alteration or revocation of the trust. Of course he owes a duty to the beneficiary to protect the trust *res,* faithfully to administer it, and to distribute the

income; but the very fact that he participates in the right of alteration or revocation negatives any fiduciary duty to the beneficiary to refrain from exercising the power. The facts of this case illustrate the point; for it appears the trust in favor of the grantor's wife was substantially modified, to her financial detriment, by the concurrent action of the grantor and the trustees. This case must be viewed, therefore, as if the reserved right of revocation had been vested jointly in the grantor and a stranger to the trust.

Decisions of this court declare that where taxing acts are challenged we look not to the refinements of title but to the actual command over the property taxed,—the actual benefit for which the tax is paid. *Corliss* v. *Bowers, supra,* at p. 378; *Tyler* v. *United States,* 281 U.S. 497, 503; *Burnet* v. *Guggenheim, supra.* A settlor who at every moment retains the power to repossess the corpus and enjoy the income has such a measure of control as justifies the imposition of the tax upon him. *Corliss* v. *Bowers, supra.* We think Congress may with reason declare that where one has placed his property in trust subject to a right of revocation in himself and another, not a beneficiary, he shall be deemed to be in control of the property. We cannot say that this enactment is so arbitrary and capricious as to amount to a deprivation of property without due process of law. As declared by the Committee reporting the section in question, a revocable trust amounts, in its practical aspects, to no more than an assignment of income. This court has repeatedly said that such an assignment, where the assignor continued to own the corpus, does not immunize him from taxation upon the income. *Burnet* v. *Leininger,* 285 U.S. 136; *Lucas* v. *Earl,* 281 U.S. 111. It cannot therefore be successfully urged that as the legal title was held by the trustees the income necessarily must for income taxation be

deemed to accrue from property of someone other than Douglas Smith. The case is plainly distinguishable from *Hoeper* v. *Tax Commission*, 284 U.S. 206, on which re- spondents rely, for there the attempt was to tax income arising from property always owned by one other than the taxpayer, who had never had title to or control over either the property or the income from it. The measure of con- trol of corpus and income retained by the grantor was sufficient to justify the attribution of the income of the trust to him. The enactment does not violate the Fifth Amendment.

A contrary decision would make evasion of the tax a simple matter. There being no legally significant dis- tinction between the trustee and a stranger to the trust as joint-holder with the grantor of a power to revoke, if the contention of the respondents were accepted it would be easy to select a friend or relative as co-holder of such a power and so place large amounts of principal and in- come accruing therefrom beyond the reach of taxation upon the grantor while he retained to all intents and pur- poses control of both. Congress had power, in order to make the system of income taxation complete and con- sistent and to prevent facile evasion of the law, to make provision by § 219 (g) for taxation of trust income to the grantor in the circumstances here disclosed. Compare *Taft* v. *Bowers*, 278 U.S. 470, 482, 483; *Tyler* v. *United States, supra,* at p. 505. *Judgment reversed.*