LILLIAN T. SAVAGE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 70221.   Promulgated November 16, 1934.

*Colman Gray, Esq.,* and *Philip J. Maron, Esq.,* for the petitioner. *J. E. Marshall, Esq.,* for the respondent.

OPINION.

SEAWELL: Respondent determined a deficiency in the income tax of petitioner for the year 1930 in the sum of $2,630.01, for a redetermination of which this proceeding is prosecuted. The deficiency results from the action of respondent in adding to petitioner's reported income $17,542.69, the amount of income for 1930 derived from a trust created by petitioner on May 10, 1926.

The facts for the most part are stipulated. In so far as necessary to understand the conclusions and determination reached in this proceeding, they are hereinafter set out.

The petitioner is an individual, residing at Mendham, New Jersey. During the year 1909 she married one Russell L. McIntosh, and in 1918, there being no issue of the marriage, they adopted a boy and girl, born May 5, 1914, and September 25, 1916, respectively. The names of the children are Lachlan Bruce McIntosh and Martha Jean McIntosh (hereinafter called the children). In 1925 marital troubles developed between the petitioner and her husband. They separated and on September 2, 1926, were divorced, and in November of the same year petitioner married Albert C. Savage.

On May 10, 1926, prior to the divorce, petitioner created a trust for the benefit of the children, with her husband, Russell L. McIntosh, and the Fidelity Trust Co. of New York as trustees. The trust property consisted of the following:

100 shares Atchison, Topeka & Santa Fe common stock.
100 shares Southern Railway Co. common stock.
100 shares Royal Dutch Co., New York.
100 shares American Tobacco Co. common stock.
100 shares Con. Gas Co. of N. Y. common stock.
100 shares American Smelting & Ref. Co. common stock.
1400 shares National Biscuit Co. common stock.
100 shares Radio Corporation of America preferred stock.
U. S. Liberty bonds of face value of $1,350.
Debenture bonds of Georgia Southern & Florida Railway Co., face value $14,800.

The income from the trust for the taxable year 1930 amounted to $17,542.69 and comprised the following items:

| | |
|---|---:|
| Interest | $6.60 |
| Interest on tax-free covenant bonds | 740.00 |
| Dividends | 16,439.75 |
| Profit on sale of stock rights | 38.09 |
| Dividends from foreign corporations | 321.65 |
| Total | 17,546.09 |
| Less: Interest paid | 3.40 |
| Net income | 17,542.69 |

The trust instrument provided in part that the parties of the second part (the trustees) were:

> To hold the said securities and property and to collect and receive the interest, income and profits thereof, and after deducting their commissions and all proper charges and expenses to pay the net income upon receipt to the said Russell L. McIntosh, * * * to be devoted by him to the support, education and maintenance of Lachlan Bruce McIntosh and Martha Jean McIntosh, adopted children of the said Russell L. McIntosh and Lillian T. McIntosh, as directed by said Russell L. McIntosh and in his discretion * * *

There were further provisions relating to the disposition of the income and principal of the fund after the children became of age. In case of the death of either of said children leaving issue it was provided:

> * * * one half of the principal of said trust fund shall be paid and delivered to such issue of said child so dying, to be divided among said issue *per stirpes* or shall be paid and delivered to the said Lillian T. McIntosh, her executors or administrators, as determined by Russell L. McIntosh, he to have the option as to whether said portions of said trust fund shall be paid and delivered to the issue of said children or re-delivered to Lillian T. McIntosh.
>
> If either of said children shall die without issue, the share of said trust fund which might otherwise in the discretion of said Russell L. McIntosh be paid to the issue of said child so dying, if such child had issue, shall be repaid and redelivered to Lillian T. McIntosh, her executors or administrators.

The trust instrument contained the following provision:

> This indenture and the trust thereby created can, at any time, be vacated, set aside or modified by the consent and agreement in writing of the said Lillian T. McIntosh and Russell L. McIntosh, their executors or administrators, and without the consent of the said Fidelity Trust Company or of any beneficiaries hereunder vested or contingent.

It was also provided in the trust instrument that the corporate trustee should account annually to petitioner as to the amount of income turned over by it to Russell L. McIntosh, the other trustee, and that Russell L. McIntosh should not account to the Fidelity Trust Co. or anyone else for expenditure of income by him.

Petitioner insists that under all the facts existing Russell L. McIntosh was a beneficiary of the trust which could be revoked only with his consent; and that therefore the trust was irrevocable under section 166 of the Revenue Act of 1928 and decisions, and the income not taxable to her. It is not contended, as we understand it, that Russell L. McIntosh was a beneficiary of the trust by reason of having been named as such in the instrument either individually or as one of a class, but because in the operation and administration of the trust certain advantages flow to him. Under the law of New Jersey, where he lived, it was his duty under penalty of law to support and provide for the children, the primary beneficiaries of the trust, and to the extent that the trust provided such support he was

relieved and himself therefore benefited. So it is argued that one who receives a benefit, however remote and aside from the direct intentions of a trust, must be a "beneficiary." It is easy to extend such argument to a point that would disclose its fallacy. If a trust should provide, for example, support for those who without such support would necessarily become inmates of a home for the poor supported by public taxes, under the theory and logic of petitioner, every taxpayer of the county would be a "beneficiary" of the trust because relieved of a portion of the tax. We are persuaded Congress did not mean to include in the term "beneficiary" one who might enjoy such an incidental and remote benefit under a trust. Beneficiary, as the word is used in the statute, means: "He for whose benefit another person is enfeoffed or seized of land or tenements, or is possessed of personal property." The term is synonymous with *cestui que trust*, according to Bouvier's Law Dictionary. (See *Reinecke* v. *Smith*, 289 U. S. 172.) It is said a person whose confidence creates a trust is called a "trustor", the person in whom the confidence is reposed is called a "trustee", and the person for whose benefit the trust is created is called the "beneficiary." The trust here was created not for the benefit of Russell L. McIntosh. He had neither a vested nor contingent interest in the trust property under the trust instrument. To make him a beneficiary he must have had some such interest in the income or principal derived and arising out of the trust instrument. (See *Smith* v. *Commissioner*, 59 Fed. (2d) 56.)

We can not agree that the case of *Mary R. Spencer*, 20 B. T. A. 58, relied upon by petitioner, is in point. Petitioner in that case was not the trustor, as seemingly erroneously implied in petitioner's brief. As the wife of Lorillard Spencer, she was equitably entitled to certain interests in his estate which were secured to her in a trust created by him. What she received, though paid by the trust, was held not to be income to her. It was not held that the income of the trust was not all taxable to the husband, for he was not before the Board.

In the instant case it is true the terms of the trust were most liberal in not requiring the trustee husband of petitioner to render accounts for his trusteeship; but if there had been waste of the trust estate by him or other misconduct with reference thereto, it will not be contended that the courts did not stand ready nevertheless to require such accounts or that they did not have the power to remove him as trustee to protect the interests of the beneficiaries or to punish him for misapplication or conversion had he been guilty of such offenses.

The trustee husband had the power under the terms of the trust instrument, in case one of the children beneficiaries died leaving issue, to decide whether the half of said estate held in trust for such one

dying should go to his or her issue or to petitioner, but he did not have the right or power to allot it to some other person or to take it for himself, whether the child died with or without issue.

After fully considering the contentions and argument of petitioner and the facts appearing in evidence on this point, we conclude, and so hold, that Russell L. McIntosh was not a beneficiary under the trust and the trust was revocable under the statute, and we sustain respondent's determination with reference thereto.

It is alleged in the petition and contended in the brief that the two items of U. S. Liberty bonds and Georgia Southern & Florida Railway Co. debenture bonds belonged to the children—beneficiaries—independently of the trust instrument, and that income from these securities could in no event be taxed against petitioner. On January 12, 1920, Charles L. Taylor, father of petitioner, gave to her in trust for the children " Twenty-thousand ($20,000) dollars Hawkinsville and Florida Southern Railway Company First Mortgage Gold Bonds 5% due April 1st, 1952." There was no evidence in reference to the ownership by the children of any U. S. Liberty bonds, and none to identify the mortgage bonds given by Charles L. Taylor with the Georgia Southern & Florida debenture bonds of the face value of $14,800 mentioned in the petition. Authority was given petitioner by Charles L. Taylor, the donor, to sell the mortgage bonds and to reinvest the proceeds for the children, but no evidence was offered to show that this authority had been exercised. There is likewise no evidence to identify any part of the items of income, stipulated and set out above, as having been derived from the donated mortgage bonds. Apparently none of the income was so derived. We must, therefore, sustain the respondent on this point.

The last issue raised under the pleadings is to the effect that respondent in the years 1926 to 1929, inclusive, made no claim that the income of the trust was taxable to petitioner herein, and that on that account respondent is now estopped to make such determination. It is argued in the brief that if the respondent had made such determination prior to 1930, in which year " a large profit resulted from the sale of trust securities ", the trust would have been dissolved before the taxable year and a " most inequitable result " could have been avoided. We are not sufficiently impressed with this argument and no authority in point is cited. The respondent is sustained. *Harriton* v. *Lucas*, 41 Fed. (2d) 429.

*Judgment will be entered for the respondent.*