RALPH PULITZER AND MARGARET L. PULITZER, PETITIONERS, *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 82246.   Promulgated November 26, 1937.

*John G. Jackson, Esq.*, for the petitioners.
*Harold Allen, Esq.*, for the respondent.

. OPINION.

STERNHAGEN: Although at the hearing the question was suggested as to the participation in this proceeding of the wife, and both counsel were directed to deal with the subject, it has been ignored by them. Since no deficiency has been determined as to her or notice sent to her, there is no subject as to her within the jurisdiction of the Board, *J. A. Staley*, 9 B. T. A. 932; *C. A. Bryan*, 19 B. T. A. 111, 121; *William A. Matern*, 21 B. T. A. 384, 387; see *Cole* v. *Commissioner*, 81 Fed. (2d) 485; *Frank W. Darling*, 34 B. T. A. 1062, 1065; *Ella T. Flaherty, Executrix*, 35 B. T. A. 1131; *Arthur B. Hyman*, 36 B. T. A. 202, 207. Her name is therefore stricken as a party petitioner, and the proceeding as to both years will be confined to a consideration of the deficiencies determined as to Ralph Pulitzer.

1. The Commissioner computed the deduction for charitable contributions by applying the statutory 15 percent limit to a net income of $7,005.47, being the remainder after subtracting capital losses, $242,956.15, from ordinary net income, $249,961.62. The petitioner assails the subtraction of capital losses. The question is no longer open, *Avery* v. *Commissioner*, 84 Fed. (2d) 905; certiorari denied, 299 U. S. 604, rehearing denied, 300 U. S. 686; *Lockhart* v. *Commissioner*, 89 Fed. (2d) 143; certiorari denied, —— U. S. —— (Oct. 11, 1937); *Louis W. Hill*, 33 B. T. A. 891; affd., 88 Fed. (2d) 941; *Howard Heinz*, 34 B. T. A. 885 (on review, C. C. A., 3d Cir.). The disallowance is sustained.

2. By paragraph sixteenth of the trust instrument, the power rests in the grantor to appoint an individual other than himself with the right to terminate the trust entirely or in part, whereupon the trustee shall transfer so much of the fund to the appointee as the terms of the appointment provide, up to the entire amount. The Commis-

sioner determined that this was a revocable trust and hence that the income is properly taxable to the petitioner. The respondent here supports this determination by sections 166 and 167,[1] Revenue Act of 1932, and by citing *Reinecke* v. *Smith*, 289 U. S. 172, and *Bowler* v. *Commissioner*, 80 Fed. (2d) 103. The petitioner argues, relying upon *Commissioner* v. *Yeiser*, 75 Fed. (2d) 956; *Carl F. Holmes*, 27 B. T. A. 660; and *Valentine Bliss*, 26 B. T. A. 731, that because the power to revest the corpus is not reserved or given to the grantor by the express terms of the instrument itself, the statute is not applicable.

There is, however, no such restriction in the statute and nothing from which it can be implied. The statutory requirement that the income of a trust shall be attributed to the grantor operates whenever there exists in fact the described "power to revest." It is not limited to cases where such power is derived from the express terms of the instrument, *Reinecke* v. *Smith*, *supra; Bowler* v. *Commissioner*, *supra; Higgins* v. *White*, 18 Fed. Supp. 986 (on appeal C. C. A., 1st Cir.). That such a power actually is in the grantor of the present instrument seems plain. He may at any time, without let or hindrance from any of the beneficiaries, the trustee, or anyone else, appoint whomsoever he will, with the direction to terminate the trust. The direction may be made a contractual obligation upon the appointee; and although the trustee is required to transfer the fund directly to the appointee alone, there is nothing to prevent the creation by the grantor of a

---

[1] SEC. 166. REVOCABLE TRUSTS.

Where at any time during the taxable year the power to revest in the grantor title to any part of the corpus of the trust is vested—

    (1) in the grantor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom, or

    (2) in any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom,

then the income of such part of the trust for such taxable year shall be included in computing the net income of the grantor.

SEC. 167. INCOME FOR BENEFIT OF GRANTOR.

    (a) Where any part of the income of a trust—

    (1) is, or in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income may be, held or accumulated for future distribution to the grantor; or

    (2) may, in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income, be distributed to the grantor; or

    (3) is, or in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income may be, applied to the payment of premiums upon policies of insurance on the life of the grantor (except policies of insurance irrevocably payable for the purposes and in the manner specified in section 23 (n), relating to the so-called "charitable contribution" deduction) ;

then such part of the income of the trust shall be included in computing the net income of the grantor.

    (b) As used in this section, the term "in the discretion of the grantor" means "in the discretion of the grantor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of the part of the income in question."

legal obligation in his appointee to transfer the fund at once to the grantor. This ready and simple method available to the grantor for taking ownership and possession of the trust fund and having the trust terminate or diminish at his pleasure is hardly less than a power to revoke or revest. Indeed, the use of the word "revoke" in the instrument carries the implication that the control is intended to remain in the grantor, for strictly the word could not suitably be applied to the act of termination by another. The same considerations are here as moved the decision in *Reinecke* v. *Smith, supra*, and require that the taxable income of the trust should be included in that of the grantor.

The opinion of the Board in *Valentine Bliss, supra*, was promulgated before the Supreme Court's opinion in *Reinecke* v. *Smith, supra*, and must give way to the extent that it may conflict with the later and superior authority. In the *Holmes* case, the power of revocation held by the grantor was expressly conditioned upon the consent of the beneficiary, an adverse interest. In the *Yeiser* case, the husband was appointed by the instrument not only with power to terminate beyond the control of the grantor, but also to protect the interests of the minor children. This was regarded by the court as substantially to circumscribe the power and control of the grantor.

The determination of the Commissioner is sustained.

*Judgment will be entered for the respondent.*