KATHERINE KRAFT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 89426. Promulgated July 18, 1939.

*Earl A. Darr, Esq.*, for the petitioner.
*E. O. Hanson, Esq.*, and *Thomas H. Lewis, Jr., Esq.*, for the respondent.

#### OPINION.

DISNEY: This proceeding involves income tax for the calendar year 1934. Respondent determined deficiency of $9,731.84, all of which is in issue. The facts were stipulated, and we find the facts as so stipulated, and will set same forth herein only in so far as

necessary for consideration of the issue presented. The issue is as to taxability to settlor in 1934 of income of a trust set up in a prior year, made revocable in any year by an instrument served prior to the year, which notice had not been given prior to the year 1934. Respondent applied section 166 of the Revenue Act of 1934, and petitioner contends that the act should not be applied to income for the year 1934 and, if applied, the application would be violative of constitutional rights.

The salient fact is that each of the trust instruments herein involved executed in 1930, provided that the trustor, the petitioner herein, had the right:

* * * by an instrument in writing executed under her hand and seal and served on the Trustees at least five days before the expiration of any calendar year, to revoke this trust after the end of any such calendar year; the intent hereof being that the trust hereunder shall continue from year to year unless the party of the first part revokes same after the end of any such year, but that said power of revocation shall not exist or be in the party of the first part at any time during any calendar year but that same shall arise or come into existence only after the end of any such calendar year, nor shall there be power to revest in the party of the first part any part of the corpus of this trust during any such calendar year, but that the latter power shall arise and come into existence only after the end of such calendar year.

No instrument of revocation was executed prior to the year 1934. The trustor was not a trustee, and neither of the trustees was a beneficiary under the trust.

Is section 166, Revenue Act of 1934, which became law May 10, 1934, applicable to the situation? Petitioner, in effect, contends that upon December 26, 1933, which was the last day upon which she could execute the instrument necessary to revocation of the trust to affect the year 1934, she had no knowledge that such law would be passed, and therefore to apply it to tax her upon the trust income for that year would be retroactive legislation, contrary to the Fifth Amendment to the Constitution of the United States.

It will be noticed that the trust provision is that the trustor had a right "by an instrument [in writing, etc., served at least five days before the end of any year] to revoke this trust after the end of any such calendar year." No further instrument is provided for, nor notice mentioned. The revocation was to be effected by the written instrument, revoking the trust as of after the end of the year. During 1934, therefore, petitioner could have done everything necessary to revoke the trust, and the passage of time, until the arrival of the next year, was the only element necessary to full effect of revocation.

Section 166 of the Revenue Act of 1934 provides that:

Where at any time the power to revest in the grantor title to any part of the corpus of the trust is vested—

(1) in the grantor * * *

the grantor of such trust is chargeable with the income of such part of the trust.

The only requirement of revocation was action by the trustor herself in executing and serving upon the trustees a written instrument. By that action and *by that instrument* the trust was revoked after the end of the year in which the instrument was executed and filed. It is obvious that in order to effect revocation the trustor must, by and in the instrument served upon the trustees, state in effect "I hereby revoke, etc." In the absence of such language, or if the trustor in the instrument merely states in effect "I intend on or after January 1 next, to revoke" the trust, it is apparent that the beneficiary could successfully challenge the attempt at revocation, for the trust indenture expressly provides that revocation is by the instrument served, prior to the end of the year by at least five days. It is undeniable, then, that *during 1934* petitioner was vested with the *right to revoke the trust*, and to reinvest in herself title to the corpus thereof, subject only to the passage of time. To say that there was no power vested in the trustor would be to contradict the terms of the instrument; and to say that this was not power, by executed instrument, to reinvest herself with corpus merely because such reinvesting was subject to at least five days of interim interest by the trust, would be to say that an estate can not be vested merely because some other estate, such as a life estate, postpones enjoyment. The trust indenture herein requiring no further action by trustor than the execution and service of the written instrument, specifically stating that the revocation was *by* the written instrument, plainly shows vested power to reinvest trust corpus within the calendar year. By that instrument trustor was reinvested, though enjoyment was postponed. The additional language stating the intent to be that the power of revocation does not exist in the taxable year is not sufficient to overcome the positive requirement that the revocation is by the written instrument. The instrument is not merely a notice of intent to revoke, but is the revocation itself, subject to passage of time until the next year, as to enjoyment but not as to title.

It would be a strained interpretation indeed which would say that the trustor during 1934 was vested with no power over the corpus; and further strain to say that such power was not one to reinvest, for by the act and instrument, in 1934, trustor could be reinvested, with not even a condition precedent, but only a waiting period before taking possession. The statute does not require that the trustor be vested with a power to reinvest in himself *possession* or enjoyment of the income, but only *"title* to any part of the corpus." Vested title or estate does not depend upon possession. Nonreceipt of actual income by a trustor with power to revoke was held immaterial in *Simpson* v. *Com-*

*missioner*, 77 Fed. (2d) 668, where trustor could revoke on December 31 of any year. Moreover, when trustor herein reinvests herself with *title* to corpus the only remaining effect of the trust is assignment of income thereafter accruing, taxable to settler under *Reinecke* v. *Smith*, 289 U. S. 172, and various other cases. Under the particular facts here, therefore, we hold that petitioner was in 1934 vested with power to reinvest title to corpus in herself. That the statute is intended to apply to trusts of this type is plainly indicated by the Conference Report on section 166 of the Revenue Act of 1934, where it is said:

Amendments nos. 96 and 97: Under existing law, the income from a revocable trust is taxable to the grantor only where such grantor (or a person not having a substantial adverse interest in the trust) has the power within the taxable year to revest in the grantor title to any part of the corpus of the trust. Under the terms of some trusts, the power to revoke cannot be exercised within the taxable year, except upon advance notice delivered to the trustee during the preceding taxable year. If this notice is not given within the preceding taxable year, the courts have held that the grantor is not required under existing law to include the trust income for the taxable year in his return. The Senate amendments require the income from trusts of this type to be reported by the grantor. The House recedes. [Conference Report No. 1385, 73d Cong., 2d sess., p. 24.]

As to constitutionality, in *Warren H. Corning*, 36 B. T. A. 301, we sustained the statute against such attack, and though the case has been reversed, 104 Fed. (2d) 329, the reversal was not upon that ground. We think extended discussion of this issue is not necessary. We are not convinced by the cases adduced by petitioner that we should declare the statute unconstitutional. We are concerned here with a question of taxation of income derived from property owned, not retroactive treatment of a previous action or deed. *Simpson* v. *Commissioner*, *supra*, is, in our opinion, under the facts in this record, answer to the charge of unconstitutional legislation. There as here the Fifth Amendment to the Constitution was invoked, for substantially the same reasons as here urged, and was held not contravened, though the trustor could revoke the trust only upon the last day of the year as to which the tax was sustained. Under our conclusion above, that not only upon December 26, but at any time prior thereto during the taxable year, the trustor could revoke and reinvest title to the corpus in herself, subject only to delayed enjoyment, it is obvious that the cited decision is controlling here. See also *Clapp* v. *Heiner*, 51 Fed. (2d) 224; *Corliss* v. *Bowers*, 281 U. S. 376; and *Burnet* v. *Wells*, 289 U. S. 670. We hold that the statute involved did not effect an encroachment upon rights constitutionally guaranteed in petitioner, and that respondent did not err in including the income from the trust in computing petitioner's net income.

*Decision will be entered for the respondent.*