Mellott,
dissenting: The corporate trustee was not a person “having a substantial adverse interest in the disposition * * * of the corpus or the income therefrom” (Reinecke v. Smith, 289 U. S. 172); the *857 settlor was a beneficiary; both the “distributable income” and the corpus could be distributed to her at any time that her income from other sources “should be insufficient to properly provide for” her support, maintenance or benefit (see discussion of “benefit” in Helvering v. Hormel, 111 Fed. (2d) 1, and note the use of the same word in the heading of section 167); and she, like Mary E. Wenger, 42 B. T. A. 225, could have the income and, if necessary, the corpus distributed to her at any time. In the Wenger case we held that the petitioner was taxable under both sections 166 and 167. (42 B. T. A. 232.) A similar holding, I think, should be made here.
Disney, HaeRon, and OrrER agree with this dissent.