THEODORE D. BUHL AND ANASTASIA R. BUHL, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 102489. Promulgated October 7, 1941.

*Louis C. Wurzer, Esq.*, and *John T. Higgins, Esq.*, for the petitioners.

*Homer J. Fisher, Esq.*, for the respondent.

---

OPINION.

SMITH: The only question for our determination is whether the petitioner individually, or the trust entity is entitled to the deductions allowable under the statute on account of such losses. Apparently it has been assumed by both parties, and we likewise so assume, that the assessment made on the bank stock held in the trust was a charge against the corpus of the trust.

The petitioner's contentions are that the trust which he created under the agreement of October 13, 1927, should be disregarded for tax purposes and that all the deductible losses of the trust, including the capital losses under consideration, should be allowed to him in his individual return.

It is now firmly established in the tax law that a trust may be disregarded as a separate tax entity for the purpose of determining gross income under the broad provisions of section 22 (a) if it lacks sufficient substance to change materially the economic position of the settlor. *Douglas* v. *Willcuts*, 296 U. S. 1; *Helvering* v. *Clifford*, 309 U. S. 331. Usually, the rule is invoked as a means of preventing the diversion or diffusion of taxable income. It rests upon the broad principle that with this type of trust the settlor remains in substantial ownership of the property or interests purportedly conveyed to the trustees.

There is no impelling reason why the rule should not apply with the same force, in an appropriate case, in determining deductions from gross income under section 23 as in determining the inclusions in gross income under section 22; for a trust could hardly be said to be without sufficient substance for legal recognition as to income which it receives and yet fully recognizable as to the deductions permitted against such income.

The Commissioner's regulations seem to be in accord, generally, with this view. Article 166-1 of Regulations 94, promulgated under

section 166 of the Revenue Act of 1936, which deals with revocable trusts, reads in part as follows:

ART. 166–1. *Trusts, with respect to the corpus of which, the grantor is regarded as remaining in substance the owner.*—(a) If the grantor of a trust is regarded, within the meaning of the Act, as remaining in substance the owner of the corpus thereof, the income therefrom is not taxable in accordance with the provisions of sections 161, 162, and 163 but remains attributable and taxable to the grantor. This article deals with the taxation of such income. * * *

(b) Section 166 defines with particularity instances in which the grantor is regarded as in substance the owner of the corpus by reason of the fact that he has retained power to revest the corpus in himself. For the purposes of this article the grantor is deemed to have retained such power if he, or any person not having a substantial interest in the corpus or the income therefrom adverse to the grantor, or both, may cause the title to the corpus to revest in the grantor. * * *

 *   *   *   *   *   *   *

* * * The grantor is regarded as in substance the owner of the corpus, if, in view of the essential nature and purpose of the trust, it is apparent that the grantor has failed to part permanently and definitively with the substantial incidents of ownership in the corpus.

In determining whether the grantor is in substance the owner of the corpus, the Act has its own standard, which is a substantial one, dependent neither on the niceties of the particular conveyancing device used nor on the technical description which the law of property gives to the estate or interest transferred to the trustees or beneficiaries of the trust. In that determination, among the material factors are: The fact that the corpus is to be returned to the grantor after a specific term; the fact that the corpus is or may be administered in the interest of the grantor; the fact that the anticipated income is being appropriated in advance for the customary expenditures of the grantor or those which he would ordinarily and naturally make; and any other circumstance bearing on the impermanence and indefiniteness with which the grantor has parted with the substantial incidents of ownership in the corpus.

Thus the grantor is regarded as being in substance the owner of the corpus if, in any case, the trust amounts to no more than an arrangement whereby the grantor, in the ordering of his affairs, finds it expedient to entrust for a period the title to, and custody or management of, certain of his property to a trustee, the income from such property to be used by the trustee during such period to make those expenditures which the grantor would customarily or ordinarily or naturally make and to which the grantor chooses to commit himself in advance, while the corpus is to be held intact, for return in due course to the grantor. * * *

 *   *   *   *   *   *   *

(d) If the grantor is regarded as remaining in substance the owner of the corpus the gross income of such corpus shall be included in the gross income of the grantor, *and he shall be allowed those deductions with respect to the corpus as he would have been entitled to had the trust not been created.* [Italics supplied.]

Unquestionably, under the quoted regulation, the grantor here must be regarded "as remaining in substance the owner of the corpus" of the trust and therefore entitled to the deduction of the losses to the trust

corpus. At all times the trustees, the petitioner himself being one of the two trustees in the taxable year before us, had the power to revest in the petitioner any part or all of the trust corpus. Petitioner's cotrustee had no interest in the trust corpus adverse to that of the petitioner. *Reinecke* v. *Smith*, 289 U. S. 172. The petitioner retained all of the income of the trust as well as the remainder interest in the corpus, and there was no other interested party, either as to the income or the corpus of the trust. The trust was plainly revocable, notwithstanding the provisions of the trust agreement that it was to be irrevocable. See *Silverthau* v. *United States*, 26 Fed. Supp. 242. Cf. *Antoinette K. Brown*, 42 B. T. A. 693. See also Restatement of the Law of Trusts by the American Law Institute, vol. 2, § 339.

On facts similar to those in the instant case capital losses of trusts were allowed to the grantors of the trusts in the following cases: *Stoddard* v. *Eaton*, 22 Fed. (2d) 184; *N. H. Boynton*, 11 B. T. A. 1352; *Cleveland Trust Co., Executor*, 24 B. T. A. 132; *Theron E. Catlin*, 25 B. T. A. 834; *Mary E. Wenger*, 42 B. T. A. 225.

The respondent argues, in reliance upon *Higgins* v. *Smith*, 308 U. S. 473, that the petitioner, having elected to have the management and investment of his property conducted in a trust form, must accept the tax consequences of the trust. In *Higgins* v. *Smith, supra*, the United States Supreme Court denied the taxpayer's claim for a loss deduction on the transfer of securities to a wholly owned corporation. The taxpayer had made the contention, based on *Burnet* v. *Commonwealth Improvement Co.*, 287 U. S. 415, that he and the corporation should be treated as separate tax entities. The Court in its opinion said:

> * * * In the *Commonwealth Improvement Company* case, the taxpayer, for reasons satisfactory to itself voluntarily had chosen to employ the corporation in its operations. A taxpayer is free to adopt such organization for his affairs as he may choose and having elected to do some business as a corporation, he must accept the tax disadvantages.

Under the Commissioner's regulations, article 166–1 (d), quoted above, the right of the petitioner to the deductions claimed does not rest upon any nonrecognition of the trust entity. Section 166 of the statute under which the regulation was promulgated presupposes the existence of a valid trust and provides for the taxing of the income of the trust to the grantor under the conditions therein prescribed. It applies generally to "Trusts, with respect to the corpus of which, the grantor is regarded as remaining in substance the owner."

It is to be noted, too, that article 161–1 of Regulations 94, promulgated under section 161 of the act, provides that:

> The provisions of sections 161, 162, and 163 (relating to estates and trusts, fiduciaries, and beneficiaries) contemplate that the corpus of the trust, or the income therefrom, is, within the meaning of the Act, no longer to be regarded as that of the grantor. If, by virtue of the nature and purpose of the trust, the corpus or income therefrom remains attributable to the

grantor, these provisions do not apply. Thus the provisions of sections 166 and 167 deal with certain trusts which are excluded from the scope of sections 161, 162, and 163. * * *

The respondent cites *Edith W. Balch*, 44 B. T. A. 269, as being conclusive against the petitioner in his contention that the trust was one over which the grantor had the power to revest title to the corpus in himself. We held in that case, relying chiefly upon *Anderson* v. *Wilson*, 289 U. S. 20, that the grantor of a trust, who was the sole beneficiary of the income for life but had no interest in the remainder, was not entitled to the deduction in her individual income tax return of an assessment made upon bank stock held by the trustee and paid by the trustee with funds furnished by the taxpayer. The facts in that case are readily distinguishable from those in the instant case. The most important of the distinctions is that the grantor there reserved no interest in the corpus and no question was raised as to whether the grantor remained in substantial ownership of the corpus. In our opinion in that case we said:

* * * We have here no case of naked trust or mere conduit to the beneficiary, but a taxable entity which the petitioner's brief expressly concedes is separate from that of the petitioner. We conclude and hold that the provisions of section 167 (a) (2) do not entitle the petitioner to deduct the bank stock assessment as capital loss. * * *

* * * In our opinion *Anderson* v. *Wilson, supra,* plainly indicates that the petitioner herein has no beneficial ownership in the corpus such as to cause disregard of the trust entity, or permit deduction by the petitioner of its capital losses. * * *

In the instant case the very conditions which were said to be lacking in the *Balch* case are present.

We are of the opinion that the losses to the trust corpus are deductible in determining the amount of the net income of the petitioner just as though the trust were nonexistent. See *Mary E. Wenger, supra.* For purposes of recomputation of the deficiency they consist of the assessment on the bank stock of $17,260.31 and of capital losses of $1,436.31. The last named amount is the deductible portion of the net capital losses of the trust ($3,172.23) limited to $2,000 by section 117 (d) of the Revenue Act of 1936, less $563.69 capital loss deduction claimed on the return in respect of sales of capital assets not connected with trust transactions and allowed by the respondent in the determination of the deficiency. This is the amount of the capital loss deduction in issue in this proceeding.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

TURNER, KERN, and OPPER concur only in the result.