## WENGER v. COMMISSIONER OF INTERNAL REVENUE.

### No. 8876.

Circuit Court of Appeals, Sixth Circuit.

April 7, 1942.

A. W. Wenger, of Ladue City, Mo., and Henry B. Graves and Charles H. Hatch, both of Detroit, Mich., for petitioner.

Samuel O. Clark, Jr., J. P. Wenchel, Sewall Key, John W. Smith, J. Louis Monarch, and Morton K. Rothschild, all of Washington, D. C., for respondent.

Before SIMONS, ALLEN, and McALLISTER, Circuit Judges.

PER CURIAM.

This case came on to be heard upon the records and briefs and oral argument of counsel.

And it appearing that the petitioner created a trust under which she and her children were beneficiaries, the income of which, together with the corpus, might be distributed in amounts within the discretion of the trustee, when requested in writing by petitioner or any of her children, in case "any accident, sickness, calamity, misfortune, adversity, bereavement or loss, financially or otherwise," should befall them;

And it appearing that the trustee, who is petitioner's nephew and has been her trusted adviser since 1916, has no substantial adverse interest in the disposition of the income or corpus of the trust property (Sections 166 and 167, Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Code, §§ 166, 167); Reinecke v. Smith, 289 U.S. 172, 53 S.Ct. 570, 77 L.Ed. 1109; Altmaier v. Commissioner, 6 Cir., 116 F.2d 162, 164, certiorari denied 312 U.S. 706, 61 S.Ct. 827, 85 L.Ed. 1138; and that the necessity for a written request for payment is not a substantial condition precedent to the exercise of the trustee's power to distribute the income or corpus to the petitioner; and that the power to effect the distribution is wholly within the control of the petitioner and the trustee; Cf. Helvering v. City Bank Farmers Trust Co., 296 U.S. 85, 91, 56 S.Ct. 70, 80 L.Ed. 62;

And it appearing that the Board correctly concluded that under the trust instrument the petitioner is permitted, if she cares to do so and secures the acquiescence of the trustee, to cause the expenditure of the income and if necessary of the corpus, for needs for which petitioner normally would have used the property had no trust been created; and that the entire income of the trust is taxable to the petitioner under Sections 166 and 167 of the Revenue Act of 1934;

And no reversible error appearing in the record:

It is ordered that the decision be, and it hereby is, affirmed.