**SIMONDS v. HASSETT, Collector of Internal Revenue.**

No. 2502.

District Court, D. Massachusetts.

Jan. 16, 1945.

Claude R. Branch, John Dane, Jr., and Choate, Hall & Stewart, all of Boston, Mass., for plaintiff.

Edmund J. Brandon, U. S. Atty., and George F. Garrity, Asst. U. S. Atty., both of Boston, Mass., Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe and Leon F. Cooper, Sp. Assts. to the Atty. Gen., for defendant.

FORD, District Judge.

The plaintiff, having complied with the necessary procedural requirements, sues a former collector of internal revenue to recover the amount of $8,037.62 paid to him as an alleged deficiency with interest in the taxpayer's income tax for the year 1939.

There is no dispute as respects the facts. They have been stipulated and are as follows: On June 25, 1923, the plaintiff's husband, Gifford K. Simonds, entered into an agreement creating a trust known as "Gifford K. Simonds Family Trust." The agreement creating the trust provides in Article III that the income from the trust fund be held or distributed by the trustees, in their discretion, for one or more of the following purposes: (a) added, in whole or in part, to the trust fund; (b) paid, in whole or in part to the plaintiff, Ruth W. Simonds, wife of the trustor; (c) paid or expended for the benefit of the trustor's children; (d) used for the payment of insurance premiums on the life of the plaintiff. During the year 1939 no part of the income in question was paid or credited to the plaintiff and no payments were made from it for the payment of life insurance premiums on her life.

Articles IV and V of the agreement provide:

"Article IV

"The principal of the said Trust Fund shall be paid over in whole or in part to the said Ruth W. Simonds, by and with the consent of the Trustees, or the successors or survivors of them, at such times and in such amounts as she may call for the same.

"Article V

"Upon the decease of the said Ruth W. Simonds any balance of principal of said Trust Fund, may, in the discretion of the Trustees, or the successors or survivors of them, be used for the payment of any of her debts, funeral expenses and/or so called expenses of administration, including any inheritance, estate or transfer taxes assessible against her estate or against any gift under her will or distribution by intestacy, and the balance shall be kept in trust and the income distributed or accumulated as provided in above paragraphs (a) and/or (c) of Article III until the youngest of the children of the Trustor reaches the age of 25 years, when the said Trust Fund and any accumulated income shall be distributed in equal shares to said children of the Trustor, the children of any deceased child to take the parent's share by right of representation."

The first question presented is whether the plaintiff, in view of Article IV of the trust agreement, may be treated as the owner of the corpus and hence taxable under Section 22(a) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 22(a),[1] on the income received by the trustees during the taxable year 1939 in the amount of $16,890.34 under the rule of Helvering v. Clifford, 309 U.S. 331, 60 S. Ct. 554, 84 L.Ed. 788, presumably extended to others than the grantor of a trust. Jergens v. Commissioner, 5 Cir., 136 F.2d

---

[1] "Sec. 22. Gross income

"(a) General definition. 'Gross income' includes gains, profits, and income derived from salaries, wages, or compensation for personal service * * *, of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. * * *"

497; Richardson v. Commissioner, 2 Cir., 121 F.2d 1, 2.

■ The answer to this question must be in the negative. The court in the Clifford case, supra, in holding that the grantor did not cease to be the owner of the corpus for purposes of taxation under Section 22(a), laid considerable stress upon the relevant factor that the grantor reserved broad powers of management and control. That is not the case here as respects the taxpayer-beneficiary. The management and control of the trust corpus here was reposed exclusively in the trustees. Further, and of decisive importance, the plaintiff was not entitled as a matter of right to payments of principal whenever it suited her to call for them. She could only obtain payment of principal with the consent of the trustees. The argument of the defendant that it was mandatory on the trustees' part to give their consent if the taxpayer called for the whole or part of the corpus is without merit. To adopt this interpretation of Article IV is tantamount to giving no meaning whatsoever to the phrase "by and with the consent of the Trustees." It is a canon in the interpretation of contracts and trusts that words and phrases are used with a purpose, and meanings must be ascribed to them whenever reasonably possible. Clark v. State Street Trust Co., 270 Mass. 140, 155, 169 N.E. 897; Dumaine v. Dumaine, 301 Mass. 214, 218, 16 N.E.2d 625, 118 A. L.R. 834. That no part of the corpus was to be withdrawn by the plaintiff without the trustees exercising an independent judgment as to the advisability of such a course is indicated by the purposes of the trust. The trust was drawn for the benefit not only of the grantor's wife but of his children. True, the trust was drawn in contemplation of the fact that the settlor's wife might have occasion to withdraw the whole or part of the principal, but at the same time the grantor had in mind that the trust would extend beyond his wife's death for the benefit of his children and others, and so he authorized the trustees in the agreement to accumulate the income. The grantor did not anticipate the trust to end during his wife's life unless she initially asked for the principal. Further, even if she did ask for it, he left it to the trustees to make the final decision as to whether it was desirable that his children and others whom he might name should be deprived of the benefits he had provided for them in the trust agreement. Such a construction placed upon the phrase in question prevents it from being meaningless and accords a reasonable meaning in the light of the other provisions of the instrument. It is not true that the wife in Article IV was placed in a position to control the discretion given to the trustees under Article III of the trust agreement (distribution of income) because if that were the intention of the settlor, he could have accomplished that purpose by eliminating entirely the phrase in question. Because the trustor allowed the trustees to distribute income "in their discretion" and provided in Article IV that payments of principal upon call by the taxpayer were to be made "by and with the consent of the trustees" does not indicate, as the defendant argues, that the settlor did not intend to accord to the trustees a right to exercise their independent judgment as to the wisdom of the payments. This court interprets these phrases as having a similar meaning and an appropriate use of different phrasing concerning the situation involved. The settlor used the phrase "in their discretion" concerning those occasions when the trustees were to employ the initiative in determining to whom and in what amounts to pay out income, and the phrase "with the consent of" when the request for principal initially came from the settlor's wife.

■ It cannot be said that the taxpayer here had such substantial control over the corpus of the trust that she could be deemed the virtual owner within the doctrine of the Clifford case, supra, to warrant taxation under Section 22(a) of the Internal Revenue Code, 26 U.S.C.A. Int. Rev.Code, § 22(a).

The defendant advances further a novel contention why the plaintiff is taxable on the trust income under Section 22(a). Assuming, he argues, that the trustees had the right to veto any demand made by the plaintiff for the trust corpus, the plaintiff, in conjunction with the trustees, at any time, had the power to vest in herself title to any part or all of the corpus of the trust. Thus, the argument runs, the plaintiff is situated similarly to a grantor of a trust who at any time, in conjunction with any person not having a substantial adverse interest, is vested with the power to revest title to any part of the corpus and is taxable upon the trust income as is a grantor in those circumstances under

Section 166 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 166.[2] (The defendant cites Reinecke v. Smith, 289 U.S. 172, 53 S.Ct. 570, 77 L.Ed. 1109, for the proposition that a trustee with a bare legal interest does not possess the requisite adverse interest to defeat a tax under Section 166.)

To support this contention, the defendant argues that all grantors taxable under Section 166 would be taxable under Section 22(a) since the Clifford case, supra, if Section 166 were nonexistent. Even if this contention is correct since Helvering v. Clifford, supra (cf. Magill, "The Impact of Federal Taxation", p. 62), and further, for the sake of argument, if we assume that the principle of Section 166 may be extended to impose a tax under Section 22(a) on a person other than a grantor,[3] I do not believe we have here a case where a beneficiary is situated similarly to a grantor of a trust who is taxable under Section 166. The underlying theory of taxation under Section 22(a) is virtual ownership; (Helvering v. Clifford, supra) under Section 166, a retention of unfettered command, substantial mastery over the corpus. Corliss v. Bowers, 281 U.S. 376, 50 S.Ct. 336, 74 L.Ed. 916; Fulham v. Commissioner, 1 Cir., 110 F.2d 916. Thus under both Sections 22(a) and 166 the general principle involved seems to be "substantial ownership."

It may very well be that Congress had in mind when it passed Section 166 that a grantor of a trust who either alone or in conjunction with another not having a substantial adverse interest had the power to recall the corpus was creating little more than agency which the grantor had the power to revoke at his command, and, consequently, was the substantial owner of the corpus. But even in this type of case there is always present the question of whether there is a substantial adverse interest that belies the factor of substantial ownership.

I know of no reason why the phrase "substantial adverse interest" under Section 166, which means a direct legal or equitable interest (Flood v. United States, 1 Cir., 133 F.2d 173, 177), must have the same meaning in discussing "adverse interest" with respect to a beneficiary in the administration of a trust in determining a question of substantial ownership. The meaning of factors that Congress has decreed determine substantial control by grantors of trusts may be entirely different in discussing situations similar to the one here. "Adverse interest" with respect to the present problem does not necessarily mean legal or equitable interest. There is no reason, if we consider such a factor in determining absolute control, that "adverse interest" should not have its broad, natural meaning and not be confined to the meaning "legal or equitable ownership" which it has in considering "rule of thumb" cases under Section 166.

As I have stated in the earlier part of this opinion, the following factors indicate lack of substantial ownership on the part of the taxpayer: the plaintiff had no substantial mastery over the corpus; she did not appoint the trustees; it could not be said they were virtually her agents; she could not get any part of the corpus without the consent of the trustees; it was the duty of the trustees to distribute the income in their discretion for the benefit of the plaintiff and the trustor's children and we can assume they would want to perform that duty. These considerations tend to weaken a contention that the plaintiff here had absolute control of the corpus.

In conclusion, it is apparent from what has been stated with respect to all the contentions advanced by the government that the underlying problem presented is the same with respect to the plaintiff's taxability under Section 22(a) whether the principle of Helvering v. Clifford, supra, is invoked or that of Section 166 is

---

[2] "Sec. 166. Revocable trusts

"Where at any time the power to revest in the grantor title to any part of the corpus of the trust is vested—

"(1) in the grantor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom, or * * * then the income of such part of the trust shall be included in computing the net income of the grantor."

[3] Congress in enacting Section 166 selected one type of trust for special treatment. Section 166 is confined to a special class, that is, to grantors vested with power to recall a corpus either alone or in conjunction with others not having a substantial adverse interest. Query: whether the principle of Section 166 would be extended to others than grantors. But cf. Jergens v. Commissioner, supra, and Richardson v. Commissioner, supra.

extended to impose the tax. Under neither principle is the necessary measure of control by the taxpayer present to warrant taxation under Section 22(a).

Judgment is for the plaintiff with interest and costs.