OPINION. ARUndell, Judge: Each of the petitioners created a trust for the primary benefit of his (her) children. Neither trustor retained in his trust indenture any right or power of real significance in the circumstances over the management of the fund or over the distribution of the income or corpus. Each instrument expressly provided that in no event was any interest in the principal or income of the trust estate ever to accrue to or for the benefit of the settlor. A trust company was named trustee. In the indentures each trustor gave his (her) spouse the right to alter, amend, or terminate and the right to direct the trustee with reference to the sale, retention, and reinvestment of trust properties. In Pearl’s trust Werner was given the right to direct the voting of the capital stock and shares or beneficial interests in the Wieboldt corporations. The trustee was to be relieved of responsibility in following directions given it by the respective spouses. The trusts were created within a few days of each other. The value of the properties in each trust was practically the same, and the terms and. conditions of the indentures were substantially similar. The respondent has determined that each petitioner is liable to tax on the entire net income of each trust under section 22 (a) and the Clifford case,[1] and under sections 166 and 167 of the Internal Revenue Code. The petitioners, of course, deny liability under any of the above statutes or cases. We think it is apparent that neither petitioner, as trustor of the trust created by him, is taxable under section 166 or 167. Under each instrument the grantor thereunder gave away his whole interest in the trust property and income, and the indenture provided that the trust could not be altered, amended, or terminated in such a way as to give him any interest or benefit in the income or corpus of the trust. See Knapp v. Hoey, 104 Fed. (2d) 99; Phebe Warren McKean Downs, 86 B. T. A. 1129. Under Pearl’s trust none of the income was distributable to a minor child in any event. Under the indenture executed by Werner, the income could be distributed to the beneficiaries at the age of 17, if Pearl so directed. The sum of $1,168.58 was distributed to their daughter, Pearl, in her 17th year. However, the evidence is uncontroverted that such money was not used to defray expenses of the child’s support and maintenance, but was used to purchase war bonds in her name. At all times herein the petitioners have supported and maintained their minor children from their personal funds, without any recourse whatsoever to the trust income. Since none of the income from Werner’s trust was used for the support and maintenance of the minor beneficiaries, we must conclude that no income tax liability attaches to him under section 167. J. O. Whiteley, 3 T. C. 1265, and David Small, 3 T. C. 1142. The necessary consents have been filed by petitioners. Hence, section 167 (c) is applicable to the taxable years here involved. While there may be some doubt whether, if either of the trusts herein stood alone, there would be a proper basis for the application of the Clifford principle, such doubt is dispelled when the trusts are considered together. The significant factor is that each settlor gave the other the right to alter, amend, or terminate the trust. Such power, though not exercisable for the benefit- of the grantor, otherwise seems to be a general one. However, it is argued by petitioners that it was exercisable only in a fiduciax-y capacity and ixot to the advantage or benefit of the holder. Even if this be so, it remains that the power did cari’y with it, at least, the right to increase or diminish the beneficial interests of the respective named beneficiaries. As a matter of fact, the respective indentures were altered in that respect. If either grantor had retained such power, along with the right to direct the trustee with respect to the sale, retention, or reinvestment of trust property, although as a trustee, he would have been subject to tax on the income under Stockstrom v. Commissioner, 148 Fed. (2d) 491. Certainly the effect of that case may not be circumvented by a simple expedient on the part of a husband and wife of exchanging the rights with each other. While it may be time that neither petitioner had any beneficial interest in either of the trusts and that each of them was motivated to create a trust by a desire to provide for his (her) children, the power and control over the distribution of income and principal and the power to direct the management of the trust properties, although lost to each under his own indenture, were regained under the indenture of the other. In the circumstances of this case, it might well be that such rights were the most satisfying ones to the petitioners. Certainly they are among the important attributes of property ownership. We are constrained to concern ourselves with the reality of the situation and not with the mere form. The practical result of the exchange of rights was to leave each petitioner with powers as absolute and real as would have been the case had each provided for their exercise by himself in the instrument he executed. In the cii’cumstances, we think the respective petitioners should be treated as the settlor of the trust estate which he (she) dominated. Cf. Lehman v. Commissioner, 109 Fed. (2d) 99; certiorari denied, 310 U. S. 637; and Pardon Smith Whiteley, 42 B. T. A. 316. As such settlor, each petitioner is taxable on the income of that trust during the years in question. Louis Stock-strom, supra. In our disposition we have given the powers in question their most limited application. However, it may not be amiss to point out that the power given each spouse may well be held to be far more comprehensive than the petitioners are willing to concede. In Reinecke v. Smith, 289 U. S. 172, the Supreme Court pointed out that the right of modification or revocation exercisable by a grantor and one of two other trustees was not a trusteed power and that the trustee owed no duty to the beneficiary to resist alteration or revocation of the trust. Here, the right to alter, amend, or terminate the trust is not in terms limited (except that the income and corpus may not be given to the grantor) and it would appear that respondent’s argument that there exists a power to substitute others for the present beneficiaries is an entirely respectable one. But we need not decide whether that be so. Nor do we think it necessary to consider whether the aspect of reciprocal trusts would, in the circumstances here, warrant taxing the respective petitioners under section 166 or 167 of the Internal Revenue Code. Decisions will be entered under Rule 50. Helvering v. Clifford, 309 U. S. 331,