CLAIR R. SAVAGE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MARGARET D. SAVAGE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 111048, 111049. Promulgated November 6, 1944.

*Thomas R. Dempsey, Esq.,* and *Arthur H. Deibert, Esq.,* for the petitioners.

*Ralph E. Smith, Esq.,* and *E. A. Tonjes, Esq.,* for the respondent.

OPINION.

ARNOLD, *Judge*: Respondent contends that the income of the four trusts created by the petitioners in favor of their two children is taxable to the respective grantors under section 22 (a) of the Revenue Act of 1938 (wherein "gross income" is defined) as that section is applied in *Helvering* v. *Clifford*, 309 U. S. 331. He further urges that, if the income is not so taxable under the broad general language of section 22 (a), it is rendered taxable to the grantors by the more precise language of section 167 of the 1938 Act as that language was applied in *Helvering* v. *Stuart*, 317 U. S. 154. The pertinent provisions of the 1938 Act are set forth in the margin.[1] Applicability of section 166, dealing with trusts as to which there is a power to revest corpus in the grantor, is not urged by the respondent.

We have noted in our findings of fact that the only power to alter, amend, or modify each trust is lodged in the spouse of the respective

---

[1] SEC. 22. GROSS INCOME.

(a) GENERAL DEFINITION.—"Gross income" includes gains, profits, and income derived from salaries, wages, or compensation for personal service, of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. * * *

SEC. 167. INCOME FOR BENEFIT OF GRANTOR.

(a) Where any part of the income of a trust—

(1) is, or in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income may be, held or accumulated for future distribution to the grantor; or

(2) may, in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income, be distributed to the grantor;

      *      *      *      *      *      *      *

then such part of the income of the trust shall be included in computing the net income of the grantor.

grantor as an individual. This power of the spouse is limited only in that he or she may not, by amendment, increase his or her own or the primary beneficiary's beneficial present or remainder interest or alter the power of amendment or revocation. Section VI of the indenture, which grants this power, provides the only method by which the trust may be revoked, i. e., by the grantor's spouse and the primary beneficiary together after the beneficiary attains majority. If this power resides in a person "not having a substantial adverse interest in the disposition" of trust income and if it may be used as a means of accumulating for or distributing trust income to the grantor, the trust income, to the extent that it may be so applied, is taxable to the grantor.

We fail to see any substantial adverse interest in the respective grantor's spouse, as required by section 167, which would deter his or her use of the power to amend for the grantor's benefit. The spouses have no present beneficial interests whatever in the income or corpus of the trusts. The interest of the spouse is that of a contingent remainderman, and it will vest, if at all, only upon the termination of the trust under almost impossible circumstances. For example, as to the William Clair Savage trust created by Clair R. Savage, Margaret D. Savage has the power to amend. Assuming the trust will not be revoked jointly by Margaret D. and William Clair Savage, Margaret D. Savage must survive William Clair, now a minor, and his issue, should any survive him. She then would take only in case the trust created by Clair R. Savage for Marilyn Savage had previously terminated, either by the death of Marilyn and her issue, if any, or by the revocation by Margaret D. and Marilyn Savage.

Since Margaret D. Savage's interest in each trust would be defeated if the trust were revoked, there is little likelihood of revocation during her lifetime. Thus, in order for her to benefit from either of these trusts she would have to outlive the survivor of the two minor children and their issue, if any. To hold that such a remote possibility of receiving benefit constitutes a "substantial adverse interest" would do violence to the meaning of the word "substantial" and to the intent of Congress, when, in enacting the Revenue Act of 1932, it added the requirement that the so-called adverse party must be more than a mere beneficiary "having a very minor interest" [2] and that the interest must be substantial.

The main support for petitioners' contention that the interest of the spouse here is substantial is found in *Meyer Katz*, 46 B. T. A. 187; affd. (C. C. A., 7th Cir.), 139 Fed. (2d) 107. There the grantor and

[2] See Senate Report No. 665, 72d Cong., 1st sess., pp. 34–35.

his wife jointly could terminate the trust and revest the corpus in the grantor. In that case the wife would benefit from the trust only if the minor beneficiary should predecease her and the grantor, leaving no issue. We held that this right gave her a "substantial adverse interest." The Second Circuit did not determine independently that the interest involved in the *Katz* case was a substantial adverse interest, but accepted the finding of the Board of Tax Appeals as one which should not be disturbed.

The *Katz* case, in our opinion, approaches the twilight zone in the interpretation of "substantial adverse interest." In our opinion it is less likely that both children in the trusts before us will die without issue before their mother in two trusts and their father in the other two than that the one minor child in the *Katz* case will die without issue before either parent. We do not feel that the doctrine of the *Katz* case should be extended to cover the facts before us, since a fair, independent analysis discloses only a remotely contingent interest, the value of which, if any, is negligible. Such a remote possibility of benefiting from a trust falls far short of the "substantial" interest required by the statute.

The Circuit Court of Appeals for the Second Circuit, in *Loeb* v. *Commissioner*, 113 Fed. (2d) 664; certiorari denied, 311 U. S. 643, made the following holding with respect to the term "substantial adverse interest," as used in section 167:

* * * The statute presupposes that a trustee clothed with discretion to dispose of the income will be amenable to the wishes of the grantor of a trust, as he is likely to be, particularly in family trusts. That is the basis for treating the trust income as the grantor's, if the disposition of it lies in the discretion of any person who has not "a substantial adverse interest". This means, in our opinion, an interest sufficiently direct and adverse to rebut the presumption that the grantor can control in fact the exercise of discretion by such person.

In *Commissioner* v. *Caspersen*, 119 Fed. (2d) 94, the Circuit Court of Appeals for the Third Circuit, emphasizing the requirement of substantiality, reversed the holding of the Board of Tax Appeals that a "substantial adverse interest" existed.[8] The Circuit Court said:

* * * It is not sufficient that the trustee have merely an adverse interest. Sec. 167 of the Revenue Act of 1934 specifically requires that it be a substantial adverse interest. It was therein, we believe, that the Board of Tax Appeals primarily fell into error. In our opinion the Board failed to ascribe to the word "substantial" the import which its considered use in the statute demands, and thereby, the Board treated as substantial an interest which was not only lacking in substance but which was no more than technically adverse. * * *

See also *Mary A. Cushing*, 38 B. T. A. 948, and *May* v. *United States* (U. S. Dist. Ct., W. Dist. Pa., Oct. 23, 1940).

[8] 40 B. T. A. 759.

It remains to be determined, therefore, whether this power can be used as contemplated by section 167. We believe that it can. Certainly, there is no fiduciary duty to hinder its use, for it is not a power in trust, and under the broad powers vested in the spouse the income of the trust may at any time be made distributable to the grantor. The very creation of the power adequately rebuts any possible argument that its use was not intended. See *Reinecke* v. *Smith*, 289 U. S. 172; *Sterling Morton*, 38 B. T. A. 1283; *Estate of Flora W. Lasker*, 47 B. T. A. 172, 178.

It is evident, therefore, that the interests created for the beneficiaries were granted subject to the most exhaustive use to which the power to amend might validly be put by one with no fiduciary relationship to the beneficiaries. We see nothing in the indentures to prohibit their amendment to provide for complete diversion of income to the grantors.

We conclude that the respondent correctly attributed the income of the subject trusts to the petitioners. We further hold, in accordance with the stipulation of the parties, that the petitioners are entitled to an additional income tax deduction for 1938 by reason of the accrued California sales tax.

*Decision will be entered under Rule 50.*

