Virginia E. HOLT, formerly Virginia June Earley Gosey, and Cecil T. Holt, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 86–0114–L.

United States District Court,
W.D. Virginia,
Lynchburg Division.

June 19, 1987.

Theodore J. Craddock, George L. Mason, Caskie Frost Hobbs Thompson Knakal & Alford, Lynchburg, Va., for plaintiffs.

Kenneth Sorenson, Asst. U.S. Atty., Roanoke, Va., Henry S. Friedman, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION

KISER, District Judge.

Virginia E. Holt, the income beneficiary of an *inter vivos* trust that she created in 1956, brought this action with her husband, Cecil T. Holt, to obtain an income tax refund of $29,270 for tax years 1982 and 1983, contending that the Internal Revenue Service improperly taxed income from the trust. Mrs. Holt's four children also are named as income beneficiaries, as well as any other children, grandchildren, or great-grandchildren who should come into being during the existence of the trust. Mrs. Holt's parents, Harold L. Earley, Sr., and Lillian W. Earley, were named Trustees. The government has asked for summary judgment.

The trust, which was amended in 1970, provides in Article IX that if, after the death of Mrs. Holt, all of her children should die without children or grandchildren surviving them, then the corpus is to be distributed to the Trustees, Mr. and Mrs. Earley. Article V provides that the Trustees may distribute net income from the trust in whatever portion is "deemed advisable by said trustees, for the welfare and best interest (of the beneficiaries)."

When the Internal Revenue Code treats the grantor of a trust as being, in effect, the owner of trust assets, the income from the trust is taxed to the grantor as individual income. 26 U.S.C. § 671.

Under § 674, the grantor is treated as the owner of trust assets if the power to distribute income is exercisable by a nonadverse party. In addition, § 677 provides that if income can be distributed to the grantor with the consent of a nonadverse party, the grantor is treated as owner. The term "adverse party" is defined in § 672(a) as a person having "a substantial beneficial interest in the trust which would be adversely affected by the exercise or nonexercise of the power which he possesses respecting the trust." Anyone who does not have such an interest is treated as a "nonadverse party." 26 U.S.C. § 672(b).

In this case, Mrs. Holt contends that her parents are "adverse parties" within the meaning of the Code because of the provision in Article IX of the trust agreement that the corpus be distributed to them should none of her grandchildren or great-grandchildren survive the termination of the trust at the death of her last child. The question in this case, though, is only whether the income from the trust is taxable to Plaintiffs. The only possible incentive of the Trustees to withhold disbursements of income would be to enhance the size of the corpus in which they have an extremely remote contingent interest. This purported interest in the trust income is, in my view, highly questionable and certainly does not constitute a "substantial interest" that would be adversely affected by exercise of the Trustees' power to distribute the income to the beneficiaries, particularly where family members are involved.

In *Savage v. Commissioner*, 4 T.C. 286 (1944), the grantor created one trust for his daughter and another trust for his son and named his wife as trustee. She would receive disbursements from the trust only if she survived the two children and their issue.

> To hold that such a remote possibility of receiving benefit constitutes a 'substantial adverse interest' would do violence to the meaning of the word 'substantial' and to the intent of Congress, when, in enacting the Revenue Act of 1932, it added the requirement that the so-called adverse party must be more than a mere beneficiary 'having a very minor interest' and that the interest must be substantial.

*Id.* at 292.

*See also Joseloff v. Commissioner*, 8 T.C. 213 (1947).

It also should be noted that in Article XIV of the Trust Agreement, Mrs. Holt is given the right to amend the trust "in whole or in part" with the consent of the Trustees. This could permit Mrs. Holt to revoke the trust and reacquire title to the trust assets. When the grantor and a nonadverse party have such a power, the grantor will be treated as owner. 26 U.S.C. § 676(a).

Summary judgment will be granted to the Defendant.