842 F.2d 1291
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Virginia E. HOLT, formerly Virginia June Earley Gosey;
Cecil T. Holt, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 87-2148.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 2, 1988.
Decided March 3, 1988.
 
 Theodore J. Craddock (George L. Mason; Caskie & Frost, on brief), for appellants.
 Joan Iris Oppenheimer, Tax Division, Department of Justice (William S. Rose, Jr., Acting Assistant Attorney General; John Perry Alderman, United States Attorney; Kenneth M. Sorenson, Assistant United States Attorney; Michael L. Paup; Robert A. Bernstein, Tax Division, Department of Justice, on brief), for appellee.
 Before DONALD RUSSELL, WIDENER and CHAPMAN, United States Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff, Virginia Holt, was taxed by the Internal Revenue Service for the income of an inter vivos trust. The district court granted summary judgment in favor of the government and we affirm.
 
 
 2
 Plaintiff created an inter vivos trust which provides that she can modify, amend, or alter the trust agreement by obtaining the written consent of the trustees. The trustees are Holt's parents, Harold and Lillian Earley, and they are empowered to disburse, at their discretion, income from the trust to Holt and her children. The Earleys have a contingent remainder in the trust which will vest only if one of them survives Holt, her children, her grandchildren, and any great-grandchildren.
 
 
 3
 Title 26 U.S.C. Sec. 671 taxes the grantor of a trust on income of the trust if the grantor is considered the owner of the trust. Section 674 treats the grantor as owner if the power to distribute income of the trust is exercisable by the grantor or a nonadverse party. A nonadverse party is defined by section 672 as one who has no "substantial beneficial interest in the trust." The district court granted summary judgment for the government on the basis that the Earleys have no substantial beneficial interest in the trust and therefore, that Holt was properly taxed as owner of the trust.
 
 
 4
 Summary judgment is appropriate when there is "no genuine issue as to any material fact." Fed.R.Civ.P. 56(c). Here there was no such issue. In Savage v. Commissioner, 4 T.C. 286 (1944), the Court decided in a case brought under a similar statute that
 
 
 5
 in order for [plaintiff] to benefit from either of these trusts, she would have to outlive the survivor of the two minor children and their issue, if any. To hold that such a remote possibility of receiving benefit constitutes a "substantial adverse interest" would do violence to the meaning of the word "substantial" and to the intent of Congress.
 
 
 6
 In the instant case, the facts are even more compelling in that the trustees would have to outlive their great-great-grandchildren, if any, in order for their rights to vest. We agree with the tax court that such a remote possibility does not constitute a substantial interest.
 
 
 7
 Accordingly, the judgment of the district court is
 
 
 8
 AFFIRMED.