WILLIAM FRANKLIN SMITH AND ALTA R. SMITH, [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Smith v. Comm'r
Docket No. 12400-93
United States Tax Court
T.C. Memo 1995-304; 1995 Tax Ct. Memo LEXIS 304; 70 T.C.M. (CCH) 30; July 12, 1995, Filed *304 Decision will be entered for respondent. Alta R. Smith, pro se. For respondent: Julia L. Wahl. POWELL
POWELL
MEMORANDUM OPINION POWELL, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [2] This case was submitted pursuant to Rule 122. Respondent determined a deficiency in petitioners' 1990 Federal income tax in the amount of $ 953. Petitioners resided in Apollo, Pennsylvania, at the time they filed the petition. The issue is whether military pay received by petitioner William Franklin Smith (petitioner) during the year at issue is "earned income" for purposes of the earned income tax credit (EITC). Sometime prior to 1990 petitioner retired from the U.S. Air Force and began receiving military retirement pay. In his retirement status, petitioner was subject to recall to active duty. *305 In 1990 petitioner received $ 9,264 of military retirement pay. No amounts were withheld for employment taxes or for Federal and State income taxes. The U.S. Air Force issued petitioner a Form W-2P, Statement for Recipients of Annuities, Pensions, Retired Pay, or IRA Payments, reflecting the payment. On their 1990 Federal income tax return petitioners reported the income as wages and claimed an EITC in the amount of $ 953. Respondent determined that the amount received by petitioner was a pension and did not constitute "earned income" within the meaning of section 32. An EITC is a refundable income tax credit based on a percentage of "earned income". It is intended "to provide tax relief to low-income working individuals with children and to improve incentives to work." S. Rept. 99-313 (1986), 1986-3 C.B. (Vol. 3) 1, 43. Section 32(c)(2)(A)(i) includes in earned income "wages, salaries, tips, and other employee compensation". However, section 32(c)(2)(B)(ii) provides an exception relevant here: "For purposes of subparagraph (A) * * * no amount received as a pension or annuity shall be taken into account". Although the Code does not define the term "pension", *306 Webster's Second New International Dictionary 1811 (1957), provides guidance. A pension is "A stated allowance or stipend made by a government or business organization, in consideration of past services or of the surrender of rights or emoluments, to one retired from service". Petitioners contend that, as petitioner was subject to recall by the military, the payments constitute reduced compensation for current services rather than a pension. Petitioners cite as authority for their position McCarty v. McCarty, 453 U.S. 210 (1981), and United States v. Tyler, 105 U.S. 244 (1881), which suggest that military retirement pay is compensation for current services. However, when directly confronted with the issue, the Supreme Court explicitly rejected the proposition, stating: "military retirement benefits are to be considered deferred pay for past services." Barker v. Kansas, 503 U.S. 594, 605 (1992). (Emphasis added.) Petitioner received the military retirement pay as a pension, and as such it does not constitute "earned income" for purposes of section 32 and the EITC. Decision will be *307 entered for respondent. Footnotes
1. Petitioner William Franklin Smith died after the petition was filed in this case and no administrator or other fiduciary, competent to represent the estate of petitioner William Franklin Smith, has been appointed. By Order dated February 2, 1995, this Court allowed the heirs of William Franklin Smith until March 6, 1995, to oppose respondent's motion to dismiss this case with respect to petitioner William Franklin Smith for lack of prosecution. The motion remains unopposed. Respondent's motion will be granted and this case as it pertains to petitioner William Franklin Smith will be dismissed, and a decision will be entered consistent with the decision entered with respect to petitioner Alta R. Smith.↩
2. Section references are to the Internal Revenue Code in effect for the year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.↩