T.C. Summary Opinion 2010-66

UNITED STATES TAX COURT

EDWARD GREENE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5192-08S.                    Filed June 1, 2010.

Edward Greene, pro se.

<u>Deborah Mackay</u>, for respondent.

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code (Code) in

effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $4,751 in petitioner's 2006 Federal income tax. The four issues for decision are whether petitioner is entitled to: (1) Head of household filing status; (2) a child tax credit; (3) the refundable portion of the child tax credit; and (4) an earned income credit.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts, a subsequent supplemental stipulation of facts, and the attached exhibits are incorporated herein by this reference. At the time petitioner filed his petition he resided in Illinois.

Petitioner was 57 years old in 2006 and retired from his career job. In 2006 his income consisted of a taxable pension of $9,690 and wages of $11,443 that he received as a part-time security officer for the Chicago Board of Education.

Petitioner had a longtime girlfriend named Elmond Brown who turned 53 in 2006. The trial record indicates, but is not conclusive, that Elmond Brown lived with petitioner in his apartment during 2006. Elmond Brown's sister, Linda Jean Hayes (Ms. Hayes), died of brain cancer in 1994. Ms. Hayes had a daughter, Christina Hayes, who was 9 years old when Ms. Hayes passed away. Elmond Brown adopted her niece in November 1999,

and Christina's legal name became Christina Hayes Brown (Ms. Brown). As a result of petitioner's relationship with Ms. Brown's adoptive mother, petitioner became a father figure to her. During trial he referred to Ms. Brown as his niece.

Ms. Brown turned 20 in 2006. She has a biological daughter named A.C.,[1] who was 2 years old in 2006. During trial petitioner referred to A.C. as his grandniece. A.C.'s biological father, who was 18 years old in 2006, was incarcerated starting in 2005 for a period of 2-1/2 years.

After A.C. was born, Ms. Brown lost her job and was in a difficult financial position. Because of Ms. Brown's financial situation, petitioner in 2005 began paying the monthly rent for a studio apartment for Ms. Brown and A.C. The apartment was around the corner from petitioner's three-bedroom apartment. Too many people were visiting Ms. Brown's apartment and disturbing the baby. To remedy the situation Ms. Brown and A.C. moved into petitioner's apartment sometime in 2005, perhaps with Elmond Brown already residing there. Ms. Brown and A.C. continued to reside with petitioner until March 2007 when they moved to Mississippi to be near family. Petitioner and Elmond Brown also broke off their relationship around this time, suggesting that she likely moved out of petitioner's apartment as well.

---

[1]The Court uses only the initials of minor children. See Rule 27(a)(3).

In 2006 Ms. Brown enrolled as a full-time student at Westwood College, O'Hare Airport Campus, studying toward a degree in medical insurance coding and billing. She obtained educational financial aid in 2006 totaling $9,126, consisting of $6,426 in student loans and a Pell Grant of $2,700. On her college application forms and on her forms for financial aid, Ms. Brown listed Elmond Brown as her mother residing at petitioner's address. Ms. Brown also listed petitioner's address as her own address on the same forms.

During the summer of 2006 Ms. Brown worked at a traveling carnival. The record does not indicate the nature of her work, whether she traveled outside of the area, or the amount of income from that employment. Throughout 2006 Ms. Brown received food stamps and Medicaid. She was enrolled in the Women in Crisis (WIC) program but did not use the assistance provided by WIC. Respondent stipulated that the Internal Revenue Service has no record of a 2006 Federal income tax return for Ms. Brown, and respondent confirmed that no third-party sources reported paying her during 2006.

Elmond Brown filed a Federal income tax return for 2006 reporting $9,120 of taxable income. She claimed a full exemption deduction for herself and one dependency exemption deduction. The dependent was not Ms. Brown or A.C.

Instead of preparing his own return, for the first time petitioner engaged a national tax return preparation firm to complete his 2006 Federal income tax return. The firm prepared a Form 1040A, U.S. Individual Income Tax Return, for 2006, reporting petitioner's filing status as head of household and reporting an associated standard deduction of $7,550. Additionally, the return reflected dependency exemption deductions for Ms. Brown and A.C., a child tax credit of $368 for A.C., an additional child tax credit of $21 for A.C., and an earned income credit of $3,206. An attached schedule listed both Ms. Brown and A.C. as qualifying children for the earned income credit.

In a notice of deficiency respondent disallowed both of petitioner's dependency exemption deductions, changed petitioner's filing status to single, and disallowed the child tax credit, the additional child tax credit, and the earned income credit. Petitioner filed a petition with this Court challenging all of the disallowances in the notice of deficiency. Respondent answered, denying each of petitioner's challenges.

However, in respondent's pretrial memorandum and in his opening statement on the record, respondent stated that the only issues to be decided were petitioner's filing status and the tax credits. Respondent no longer contested petitioner's two dependency exemption deductions. Accordingly, with respect to

the two dependency exemption deductions, we deem that respondent has abandoned or conceded the issue. See Muserlian v. Commissioner, T.C. Memo. 1989-493, affd. 932 F.2d 109 (2d Cir. 1991).

## Discussion

The Commissioner's determination set forth in a notice of deficiency is generally presumed correct, and the taxpayer bears the burden of showing that the determination is in error. Rule 142(a)(1); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioner does not argue that he satisfied the elements for a burden shift, but even if he did, we need not and explicitly do not decide the issue because we resolve this case on the preponderance of the evidence and not on an allocation of the burden of proof, rendering the issue of burden moot. See Knudsen v. Commissioner, 131 T.C. 185, 185-189 (2008); Cyman v. Commissioner, T.C. Memo. 2009-144.

Petitioner contends that he is entitled to head of household filing status, the child tax credit, the additional child tax credit, and an earned income credit because he supported Ms. Brown and A.C. throughout 2006, including allowing them to live with him for the entire year. We now turn to apply the law to the facts of this case.

I.  <u>Dependency Exemption Deductions</u>

Because respondent has abandoned or conceded this issue, we comment on the dependency exemption deductions solely for the analysis of petitioner's entitlement to the filing status and credits at issue.  We begin by noting that in 2006, Ms. Brown and A.C. did not bear with respect to petitioner any of the qualifying family relationships detailed in the relationship requirements for a qualifying child under section 152(c)(2).  Therefore, they were not petitioner's qualifying children.

Additionally, with respect to whether Ms. Brown and A.C. were petitioner's qualifying relatives, we note that section 152(d)(1)(D) provides that a qualifying relative may not be the qualifying child of any other taxpayer.  In this instance, Ms. Brown and A.C. appear to satisfy the requirements to be Elmond Brown's qualifying children.  They bore the right relationship being, respectively, daughter and granddaughter; they appear to have all resided together in petitioner's apartment for all of 2006; they met the age requirement because Ms. Brown was age 20 while still a student in college; and furthermore, the record establishes that neither Ms. Brown nor A.C. provided more than one-half of her own support.  The fact that Elmond Brown did not claim the two individuals as her dependents is not determinative because Elmond Brown was not required to file an income tax return for 2006.  See Notice 2008-5, 2008-1 C.B. 256.

Accordingly, we find that Ms. Brown and A.C. were not petitioner's qualifying relatives for 2006.

II.  Filing Status

The Code provides a favorable tax schedule for a taxpayer who qualifies as a head of household.  See sec. 1(b).  A taxpayer may file as a head of household if the taxpayer is not married at the end of the year, is not a surviving spouse, and maintains a home as the principal place of abode for a qualifying child or any other person who is a dependent for more than one-half of the taxable year.  Sec. 2(b)(1).  "Maintain" here means provide over one-half of the cost of maintaining the household.  Id.  The taxpayer bears the burden to prove entitlement to a filing status more beneficial than single.  Smith v. Commissioner, T.C. Memo. 2008-229.  Because we have already found that petitioner had no dependents in 2006 and because petitioner was unmarried at the end of the year and was not a surviving spouse, his proper filing status for 2006 is single.  See sec. 1(c).

III.  Child Tax Credit

The Code allows for a credit to be taken against the tax imposed for each taxable year with respect to each qualifying child of the taxpayer.  Sec. 24(a).  A "qualifying child" means a qualifying child of the taxpayer as defined in section 152(c) who has not reached the age of 17.  Sec. 24(c).  Because petitioner had no qualifying children in 2006, he may not claim a child tax credit for A.C. for 2006.

IV.  Additional Child Tax Credit

The child tax credit discussed above can be a refundable credit to the taxpayer.  Sec. 24(d).  An additional, refundable, credit is available for a taxpayer who could not claim the full child tax credit to offset his tax liability.  Since we have already held that A.C. is not petitioner's qualifying child and thus petitioner does not qualify for the child tax credit, petitioner is not entitled to the additional child tax credit for 2006.

V.  Earned Income Credit

Individuals may be eligible for an earned income credit, calculated as a percentage of earned income, if they meet certain criteria.  Sec. 32(a)(1); Rowe v. Commissioner, 128 T.C. 13, 15 (2007).  The amount of the credit depends on the taxpayer's adjusted gross income, earned income, and the number of qualifying children, if any, the taxpayer can claim.  Sec. 32. Petitioner claimed both Ms. Brown and A.C. as qualifying children for purposes of the earned income credit.  We have already held that Ms. Brown and A.C. are not his qualifying children. Therefore, petitioner may not claim them as qualifying children for purposes of the earned income credit.

Nonetheless, a taxpayer who does not have qualifying children may still be able to claim a smaller earned income credit available for single taxpayers with no qualifying children.  To be eligible for this reduced credit, the taxpayer

may not have income exceeding a statutory ceiling. Sec. 32(b)(2). In 2006 the ceiling was $12,120, measured against the greater of the taxpayer's earned income or adjusted gross income. Sec. 32(j) (providing for an inflation adjustment); Rev. Proc. 2005-70, sec. 3.06(1), 2005-2 C.B. 979, 982 (pronouncing the specific ceiling for 2006).

For purposes of the earned income credit, the law does not consider pensions as constituting earned income. Sec. 32(c)(2)(B)(ii); Smith v. Commissioner, T.C. Memo. 1995-304; sec. 1.32-2(c)(2), Income Tax Regs. As a result, for 2006 petitioner's earned income, excluding the $9,690 pension, was $11,443, and his adjusted gross income was $21,133.

Therefore for 2006, because petitioner had no qualifying children and because his adjusted gross income of $21,133 was greater than the allowable income ceiling of $12,120, petitioner is ineligible for the earned income credit.

VI. Conclusion

We commend petitioner, who is essentially retired and living on a small income, for being so generous, supportive, and protective of people who are not his blood relatives. Summarizing for 2006, for the reasons stated above, petitioner is entitled to dependency exemption deductions for Ms. Brown and A.C., but the Code and administrative provisions render him ineligible to claim head of household filing status, the child

tax credit, the additional child tax credit, and the earned income credit.

To reflect our disposition of the issues,

<u>Decision will be entered under Rule 155.</u>